## James MANN *v.* RAY LEE SUPPLY

75-343                                                       535 S.W. 2d 65

### Opinion delivered April 12, 1976

*Evelyn I. Drake,* for appellant.

No brief for appellee.

GEORGE ROSE SMITH, Justice. In this suit upon a $454.96 open account the trial court entered a default judgment against the appellant, for his failure to answer interrogatories propounded by the plaintiff. For reversal it is argued that the

statute relied upon in the court below does not apply to interrogatories and that the court erred in entering judgment without notifying the defendant that a trial was to be held.

The appellant had filed a general denial. The plaintiff's nine interrogatories were not answered within the 15 days allowed by the statute, which *does* apply to interrogatories. Ark. Stat. Ann. § 28-355 (Repl. 1962). The plaintiff then obtained an order directing the defendant to respond to the interrogatories within 10 days "and upon Defendant's failure to so respond he shall be subject to the consequences set forth in Ark. Stat. Ann. 28-359." The interrogatories were still not answered. More than 10 days later the court, apparently without further notice, entered an order finding that the defendant had failed and refused to answer the interrogatories within the 10 days and awarding a default judgment to the plaintiff.

The appeal is without merit. A party who has been warned of the consequences of default is not entitled to a second notice that would add nothing to the first, else the progression of notices would never end. For instance, when a defendant is served with a summons warning him to answer within a specified time, under the penalty of the complaint's being taken as confessed, his failure to answer entitles the plaintiff to judgment. *Pyle v. Amsler,* 227 Ark. 785, 301 S.W. 2d 441 (1957); *Walden v. Metzler,* 227 Ark. 782, 301 S.W. 2d 439 (1957); *Alger v. Beasley,* 180 Ark. 46, 20 S.W. 2d 317 (1929).

Here the court's first order, explicitly authorized by § 28-359 (a), pointedly warned the defendant that his failure to respond within 10 days would subject him to the consequences set forth in that statute. Subparagraph (b) (2) (iii) of the section authorizes the court to enter judgment by default against a disobedient party. We see no need for still a second notice to a recalcitrant defendant. Of course, as we noted in *Walden v. Metzler, supra,* the entry of judgment did not foreclose the possibility of relief for unavoidable casualty or the like. Here, however, the defendant simply filed a notice of appeal, with no hint of any reason for his continued refusal to obey the court's unmistakable order.

Affirmed.