254

Dennis R. BURTON et al *v.* Herbert
S. SPARLER and Dorothy SPARLER

80-305                                     613 S.W. 2d 394

Supreme Court of Arkansas
Opinion delivered March 30, 1981

*Loyd Harper*, for appellants.

*Branch & Thompson*, for appellees.

JOHN I. PURTLE, Justice. The Circuit Court of Sharp
County struck appellant's complaint and rendered default
judgment against the appellant because he failed to answer
interrogatories within the ten days ordered by the court. The
appellant argues the court erred in entering a default judg-
ment without notice and that the court also erred in entering
an order without prior notice and a hearing compelling
answers to interrogatories. The court did not commit error.

The complaint was filed by the appellant on August 23,

1976. A demurrer was filed on March 8, 1977. The demurrer was timely because appellant did not obtain service on appellees until February 17, 1977. The demurrer was apparently overruled, and the appellees filed an answer, cross-complaint and counterclaim on July 12, 1977. One interrogatory was submitted to appellant on June 23, 1978, and four others on June 27, 1978. These interrogatories were not timely answered. A motion for an order compelling appellant to answer was filed on May 30, 1979. An answer to the first interrogatory was filed on July 6, 1979, and amended answer filed subsequently. The answers were not timely filed.

The order requiring appellant to answer specifically stated that failure to answer within ten days would cause the court to dismiss his cause of action and render a judgment by default against him. An order was entered on October 4, 1979 whereby appellant's complaint was dismissed and appellees were awarded default judgment. The appellant filed a motion to set aside the default judgment on December 12, 1979. May 8, 1980, appellant was notified that there would be a hearing on the appellees' counterclaim to determine the amount of appellees' damages on May 29, 1980. On the scheduled date the court made a determination of the damages incurred by the appellees and entered a judgment for $5,500. Notice of appeal was filed by appellant on June 18, 1980. This appeal followed.

The question presented for a decision is whether the trial court was authorized to dismiss the complaint and enter a default judgment against the appellant. The same question was presented to us in the case of *Mann* v. *Ray Lee Supply*, 259 Ark. 565, 535 S.W. 2d 65 (1976). Although this case was decided prior to the Code, the exact same reasons apply to the case at bar as applied to *Mann*. In *Mann* the court warned the defendant if he failed to respond within ten days he would be subject to the consequences set forth in Ark. Stat. Ann. § 28-359. The penalty included a default judgment against a disobedient party. Upon Mann's failure to comply with the ten-day order default judgment was entered, and we affirmed.

The present Rules of Civil Procedure are applicable in this case. Rule 37 (b) (2) (C) provides that the court may make an order striking out pleadings or dismissing the action or rendering judgment by default against the disobedient party. This is precisely what was done in this case. Since neither Ark. Stat. Ann. § 28-359 nor Rule 37 require a hearing before the imposition of sanctions, we cannot say that the court abused its discretion.

Affirmed.