Donald G. RAY d/b/a RAY TIRE *v.*
THE SHELBY MUTUAL INSURANCE COMPANY

CA 84-261                       687 S.W.2d 526

Court of Appeals of Arkansas
En Banc
Opinion delivered April 10, 1985

*Denver L. Thornton,* for appellant.

*Shackleford, Shackleford & Phillips, P.A.,* for appellee.

JAMES R. COOPER, Judge. The appellant obtained an insurance policy covering losses resulting from burglary or robbery from the appellee through an independent insurance agency in El Dorado, Arkansas. The appellant stored tires in a covered shed which was attached to his main building. The tires were in the open and were secured by means of a chain which was threaded through them. After the policy was issued, approximately $3,000.00 worth of tires were stolen from the shed. The appellant made demand on the appellee, and the appellee denied coverage. The appellee filed a motion for summary judgment, which the trial court granted. From that decision, comes this appeal.

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. ARCP Rule 56(c). Summary judgment is an extreme remedy, and should be granted only when no issue as to a material fact exists. *Purser* v. *Corpus Christi State National Bank,* 258 Ark. 54, 522 S.W.2d 187 (1975). The moving party has the burden of demonstrating that there is no genuine issue of fact for trial, and any evidence submitted in support of the motion must be viewed most favorably to the party against whom the relief is sought. *Walker* v. *Stephens,* 3 Ark. App. 205, 626 S.W.2d 200 (1981). On appeal, this Court must

view the evidence in the light most favorable to the party resisting the motion. *Bourland* v. *Title Insurance Co. of Minnesota*, 4 Ark. App. 68, 627 S.W.2d 567 (1982). The burden is on the appellee to demonstrate that even though the facts may be in dispute, reasonable minds could not differ as to the conclusion to be drawn from them. *Hendricks* v. *Burton*, 1 Ark. App. 159, 613 S.W.2d 609 (1981).

The appellant argues that there are ambiguities in the insurance policy which presented a fact question for the jury. Specifically, he alleges that fact questions existed as to whether the tires were stolen from a place which was part of the "exterior" or the "interior" of the business premises, whether the policy was a blanket theft policy, and whether the place from which the tires were stolen was a "container".

The insurance policy provides coverage for losses occasioned by burglary or robbery of a watchman, while the business is closed. The coverage is limited to losses from "within the premises". Premises is defined as:

> The interior of that portion of the building at the location designated in the declarations . . ., but shall not include (1) showcases or show windows not opening directly into the interior of the premises, or (2) public entrances, halls or stairways.

Burglary is defined in the policy as:

> The felonious abstraction of insured property (1) from within the premises . . . or (2) from within a showcase or show window outside the premises by a person making felonious entry into such showcase or show window . . . or (3) from within the premises by a person making felonious exit therefrom. . . .

We agree with the trial court that the policy is not ambiguous and that the loss of the tires was excluded under the clear language of the policy in question.

The appellant argues that the agent who sold him the policy represented to him that the policy in question would

cover such a loss as occurred here. Even if that allegation is true, at most it would give rise to a cause of action against the agent, but would not serve to provide coverage for losses which were specifically excluded by the unambiguous language of the policy.

Affirmed.

CLONINGER, CORBIN, and MAYFIELD, JJ., dissent.

MELVIN MAYFIELD, Judge, dissenting. I dissent from the affirmance of the trial court's granting of the motion for summary judgment. As the majority opinion of this court recognizes, a summary judgment is an extreme remedy and should be granted only where the evidence submitted in support of the motion, when viewed most favorably to the party resisting it, establishes that there is no genuine issue of fact to be decided.

To determine if there is an issue of fact to be decided, let us first look at the insurance policy involved in this case. At the top of the first page under Item 1, the name of the insured is shown to be "Ray's Tires, Highway 7, South, Smackover, Union Co., Arkansas." Under Item 3 the figure $7,500.00 is typed to show the limits of the "Open Stock Burglary" coverage afforded by the policy. In Item 4 the location of the premises is shown to be the same as in Item 1, and the word "entire" is typed to show what part of the premises is "occupied by the insured." In answer to the question as to the business conducted in the premises, the words "Tire Sales and Mounting" are typed. The pertinent part of the insuring agreement reads, "To pay for loss by burglary or by robbery of a watchman, while the premises are not open for business, of merchandise . . . within the premises." The policy defines "premises" as "the interior of that portion of the building at the location designated in the declarations which is shown in the declarations as occupied by the insured in conducting the business. . . ."

A deposition of the appellant, Donald Ray, d/b/a Ray's Tires, was submitted by the insurance company in support of its motion for summary judgment. In the deposition, Mr.

Ray identified two pictures of the insured premises and the pictures are in the record. They show a building with an extension therefrom which has a roof supported by posts, and which is enclosed on one side by a wall of the building but is open on the other three sides. The pictures show a number of tires under this extension, and Mr. Ray testified that these tires were stored there with a chain threaded through each one and secured around one of the iron supports of the extension. He testified that when he arrived one morning he found that the locks on the chain had been cut and that the tires were gone. He said the theft occurred while the business was closed between six o'clock at night and eight o'clock the next morning.

The appellee cites *J. B. Kramer Grocery Co., Inc.* v. *Glens Falls Insurance Co.,* 497 F.2d 709 (8th Cir. 1974), as holding that insurance policies are to be "construed in their plain, ordinary, and popular sense." The case also says, "It is settled law in Arkansas, as elsewhere, that provisions of an insurance contract must be considered as a whole, *keeping in mind the purpose for which the contract was written.*" (Emphasis added.) The majority opinion of this court relies upon the policy language that defines "premises" as "the interior of that portion of the building at the location designated in the declarations," but fails to explain why the word "building" does not include the extension — or shed as the opinion puts it — attached to the building. Since it is proper in deciding what the word "premises" means to consider the purpose for which the policy was issued, evidence of the insurance agent's assurance that the policy he sold to appellant would cover the theft of the tires stored in the extension to the appellant's building is of extreme importance. That evidence is found in appellant's deposition where he said that before he purchased the policy involved in this case the insurance agent came to his place of business, looked at the tires stored in the extension to the building, and specifically stated that the policy would cover the theft of those tires stored at that place.

In *Countryside Casualty Co.* v. *Grant,* 269 Ark. 526, 601 S.W.2d 875 (1980), the court found a latent ambiguity in the policy involved "when considered in relation to the purpose

and circumstances surrounding the making of the insurance contract,'' even though the policy was not ambiguous on its face. The court said that parol evidence is admissible to bring out the latent ambiguity and to explain the true intention of the parties. Here, we have the insurance agent who sold the policy telling the insured that the policy would cover the very thing that happened. In the case of *King* v. *Travelers Insurance Company*, 84 N.M. 550, 505 P.2d 1226 (1973), the court said:

> Finally, in addition to a question of ambiguity resulting from a mere reading of the policy, Appellants point out, and the record supports, the logical inference that the insurer's agents were also in doubt as to the applicability of the pertinent provisions of the policy in question. Although Appellants do not argue that theories of waiver and estoppel are applicable here, Appellants' argument is persuasive evidence of the policy's ambiguity.

505 P.2d at 1232.

I do not agree with the majority opinion's assertion that the policy in this case is clear and unambiguous and leaves no genuine issue of fact to be determined. I would reverse this case and remand it for trial.

CLONINGER and CORBIN, JJ., join in this dissent.