James F. LOOSEY *v.* OSMOSE WOOD PRESERVING COMPANY, and Insurance Company of North America

CA 87-135                                    744 S.W.2d 402

Court of Appeals of Arkansas
Division II
Opinion delivered February 10, 1988
[Rehearing denied March 2, 1988.]

138

*Frederick S. "Rick" Spencer*, for appellant.

*Bassett Law Firm*, by: *Tod C. Bassett*, for appellee.

MELVIN MAYFIELD, Judge. Claimant, James F. Loosey,

appeals a decision of the Workers' Compensation Commission dismissing his claim with prejudice for failure to answer interrogatories.

The record discloses that on February 13, 1986, after the claimant had propounded interrogatories to his employer, the employer and its insurance carrier propounded interrogatories to the employee. Then, on April 1, 1986, the administrative law judge issued an order setting the matter for hearing on June 24, 1986. The order also stated:

> All discovery shall be completed and any motions filed by May 15th, 1986. Failure to do so shall subject the offending party to sanctions.

On May 15, 1986, when the February 13 interrogatories had not been answered by the claimant, the employer's counsel wrote a letter to the administrative law judge calling attention to the fact that the deadline set for completing discovery had passed and requesting that sanctions be imposed.

On May 30, 1986, the administrative law judge dismissed appellant's claim with prejudice. However, on appeal to the full Commission, the order was vacated and the matter was remanded to the law judge for a ruling on a petition for recusal filed by claimant. This petition was filed by letter dated May 22, 1986, but had not been ruled on when the May 30 order of dismissal was issued. After remand, the claimant's petition for recusal was denied, and on July 9, 1986, the law judge again dismissed the claim with prejudice, although claimant had filed the answers to the interrogatories on June 13, 1986. On appeal from the law judge's order of dismissal, the full Commission affirmed, relying on Commission Rule 16 and ARCP Rule 37(d).

On appeal to this court, the appellant first contends the Commission did not have the authority to dismiss the claim with prejudice. He cites Ark. Stat. Ann. § 81-1331 (Repl. 1976), which requires, in order to punish for contempt committed before the Commission, that the Commission must certify the facts to circuit court and the circuit court shall assess punishment to the extent it would have if the contempt had been committed before the court. We do not, however, agree that the dismissal of appellant's claim is the same as holding him, or his attorney, in

contempt.

■ The Commission has the authority, under Ark. Stat. Ann. § 81-1342(f) (Repl. 1976), to make such rules and regulations as may be found necessary to administer the provisions of the Workers' Compensation Law. Under this authority, the Commission has promulgated its Rule 16, which provides:

> Depositions may be taken and discovery had by any party after the claim has been controverted in accordance with the statutory provisions and rule of civil procedure relating to civil actions in the Chancery and Circuit Courts of this State, unless the parties agree otherwise.

> Prior to the time a case has been controverted, for good cause and upon application of either party, the Commission may order the depositions of any party or witness to be taken and any other discovery procedure.

> The Commission may, at any time after a case has been heard by an Administrative Law Judge or the Commission, order the taking of evidence by deposition or otherwise, especially when this procedure will expedite the submission of the case for decision by the Commission. (Effective March 1, 1982).

Rule 37(d) of the Arkansas Rules of Civil Procedure provides that, when a party fails to answer interrogatories, the court may, among other things, take any action authorized under paragraphs (A), (B) and (C) of subdivision (b)(2) of Rule 37. These actions include an order deeming matters admitted, prohibiting the introduction of evidence, striking out pleadings, dismissing the claim of the offending party or rendering judgment by default against the disobedient party. Appellant argues, however, that the Commission had no power to exercise these sanctions in this case. He cites Commission Rule 16 and says the order issued by the law judge extending the time for completion of discovery from the 30 days allowed by ARCP Rule 33 to 45 days after the issuance of the order, was not requested by either party and the Commission could not issue the order on its own volition.

■ It is true that Commission Rule 16 provides depositions may be taken and discovery had by any party, after the claim has been controverted, in accordance with the statutory provisions

and rules of civil procedure relating to civil matters in the Chancery and Circuit Courts of the State but, prior to the time a matter has been controverted, the Commission must order the deposition or discovery for good cause upon application of a party. This matter was thoroughly discussed at oral argument and we are convinced that the record shows that the claimant's claim was controverted before the law judge issued his order setting this matter for a hearing and directing that all discovery be completed by a certain date.

Therefore, since the claim was controverted, the discovery started by the parties before the claim was set for hearing was authorized by the Commission's Rule 16 and this authorized the law judge to make proper orders pertaining to that discovery. ARCP Rule 37(b) provides that sanctions may be imposed against a party who is disobedient to those orders, and dismissal of an action is one of the sanctions authorized. The Commission must, of course, administer its rules subject to basic rules of fair play, *Brewer* v. *Tyson Foods, Inc.*, 10 Ark. App. 88, 661 S.W.2d 423 (1983), and the appellant argues that his failure to answer the interrogatories within the time ordered by the law judge was not willful and did not justify the harsh sanction of dismissal of his claim. The full Commission recognized this point but found that the sanction imposed by the law judge was supported by the record. We must affirm the Commission's factual determinations if supported by substantial evidence, *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W.2d 360 (1979), and great weight must be accorded the Commission's findings with reference to compliance with its rules and regulations. *Mohawk Rubber Company* v. *Buford*, 259 Ark. 614, 535 S.W.2d 819 (1976). Under ARCP Rule 33(a), the appellant was required to answer the interrogatories propounded to him on February 13, 1986, within 30 days of that date. However, the effect of the law judge's order of April 1, 1986, extended the time to answer until May 15, 1986. When the appellant had not answered by May 30, 1986, the law judge dismissed the appellant's claim. That action was subsequently affirmed by the Commission, and we cannot say the Commission's order is not supported by the record.

Finally, appellant argues that the dismissal without a hearing was an unconstitutional deprivation of his right to due

process of law. However, when counsel for appellant was served with interrogatories on February 13, 1986, he was aware, or should have been aware, that ARCP Rule 33, as applied to Workers' Compensation cases through Commission Rule 16, gave the appellant 30 days in which to either answer the interrogatories or file objections to them. The administrative law judge's order of April 1 specifically warned the parties that failure to complete discovery by May 15 would "subject the offending party to sanctions." In *Mann* v. *Ray Lee Supply*, 259 Ark. 565, 535 S.W.2d 65 (1976), the Arkansas Supreme Court considered the propriety of a default judgment entered against appellant for failure to answer interrogatories. The court said:

> A party who has been warned of the consequences of default is not entitled to a second notice that would add nothing to the first, else the progression of notices would never end. For instance, when a defendant is served with a summons warning him to answer within a specified time, under the penalty of the complaint's being taken as confessed, his failure to answer entitles the plaintiff to judgment. [Citations omitted.]

We do not find that the appellant in the present case was deprived of due process of law in the dismissal of his claim under the facts of this case.

Affirmed.

CORBIN, C.J., and JENNINGS, J., agree.