Evelyn CAGLE *v.* Joe FENNEL, d/b/a Jose's Bandito
Club, Inc.

88-248                                                         761 S.W.2d 926

Supreme Court of Arkansas
Opinion delivered December 19, 1988

*Murphy and Carlisle,* by: *John Wm. Murphy,* for appellant.

*Bassett Law Firm,* by: *Wm. Robert Still, Jr.,* for appellee.

JACK HOLT, JR., Chief Justice. The sole issue in this appeal
is whether the trial court erred in dismissing appellant Evelyn
Cagle's personal injury suit with prejudice under ARCP Rule
37(d) after Cagle twice failed to attend scheduled depositions and
further failed to pay certain costs and fees charged against Cagle
for the discovery violations. Finding no abuse of discretion, we
affirm.

On June 10, 1987, Cagle filed suit against appellee Joe
Fennel, d/b/a Jose's Bandito Club, Inc. Subsequently, she was
notified that a deposition of her testimony was scheduled for
September 14, 1987. Cagle did not appear. Counsel for both
parties then rescheduled the deposition for September 25, 1987.
Cagle again failed to appear. Thereafter, appellee Fennel filed a
motion to dismiss under ARCP Rule 37.

At a hearing on the motion, Cagle testified that she did not

attend the September 14 deposition because she had previously called her attorney and left word with his secretary to change the deposition date. She also asked that they call her and "let [her] know." However, Cagle merely assumed that a new date would be set and admitted that she never received notification of a change or resetting prior to September 14. Hence, the September deposition date had remained in effect.

Cagle testified that after the September 14 mixup, she was informed by her attorney that another deposition was scheduled for September 25. She stated that it was her fault that she did not attend the September 25 deposition as she had simply forgotten about it. The record does not indicate that the attorney attempted to remind Cagle of either deposition date. Such notice could possibly have prevented the problem before us now.

At the conclusion of the hearing on appellee Fennel's motion to dismiss, the trial court ruled as follows:

> I think this matter is one in which — it has been shown under the testimony and the exhibits, that this is not one time that Mrs. Cagle has failed to appear, but two times. Now Mrs. Cagle, I understand that, you know, everybody forgets things once in a while and there's a lot of problems in raising children and getting down here for these depositions, but by the same token, this is a serious matter as far as the defendant is concerned . . . and under the law you have certain duties to perform . . . . Now, the Court takes a very dim view of someone failing to appear for their depositions. Attorneys take their time out of the office, court reporters take their time out to come take these matters, and what greatly concerns me is, it didn't just happen once, it happened twice. Now, when you have something scheduled you better make sure that your lawyer, and not the secretary, tells you, well, don't come. You didn't even check back to find out what had happened about your request to move it.
>
> . . .
>
> [Appellee's counsel] wants the drastic remedy of me dismissing your lawsuit. I don't know, he has some pretty good arguments for it to be dismissed in that this has

happened not once, but twice. I feel that everybody ought to have their day in court and I hate to penalize people, but I'm giving you fair warning, if there is any problem with discovery in this case again and it's your fault, I'm going to seriously take the matter up on dismissing this lawsuit. Now I'm going to order that you pay the expenses involved in this matter.

The trial court entered an order directing Cagle to reimburse appellee Fennel for his costs, expenses, and attorney's fees in connection with the two deposition settings. The order further provided that in the event Cagle did not comply within thirty days following approval of appellee's statement of costs, her suit would be subject to dismissal either with or without prejudice. Fees and costs in the amount of $500.00 were approved on January 14, 1988.

On February 12, 1988, Cagle filed a motion to vacate or modify which requested additional time in which to pay or that the costs be considered as a set-off. On April 1, 1988, some 78 days following the January 14 approval of Fennel's costs and fees, the court entered an order finding that Cagle's failure to appear at her depositions was unexcused and unjustified. The court denied the motion to vacate its earlier order and concluded that the suit should be dismissed with prejudice.

Rule 37(d) of the Arkansas Rules of Civil Procedure deals with the failure of a party to attend his or her own deposition and provides, in part:

> [T]he court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B) and (C) of subdivision (b)(2) of this rule. In lieu of any other order or in addition thereto, the court shall require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure . . . .

Subdivision (b)(2)(C) provides the following sanction:

> An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, *or dismissing the action or proceeding or any part thereof*, or

rendering a judgment by default against the disobedient party. [Emphasis ours.]

Cagle's sole argument is that the trial court abused its discretion in dismissing her suit with prejudice and in denying the motion to vacate. Citing authority from other jurisdictions, Cagle argues that a dismissal with prejudice would be warranted only where the failure to attend a deposition was willful, deliberate, or otherwise characterized by a conscious or culpable disregard of discovery obligations. She then points out that the facts do not demonstrate a willful or deliberate disregard of the discovery rules and that the court could have imposed a less severe sanction in light of Cagle's financial and family problems.

■ Our rules do not require a finding of willful or deliberate disregard under the circumstances. In *Mann* v. *Ray Lee Supply*, 259 Ark. 565, 535 S.W.2d 65 (1976), this court affirmed an order for default judgment entered against a defendant for his failure to answer interrogatories propounded by the plaintiff. The defendant had failed to answer the interrogatories within the 15 days allowed by statute and an order was entered directing that he respond within 10 days or suffer sanctions including a possible default judgment. The defendant again failed to respond and the court entered a default judgment. In affirming the trial court, we found it significant that the judge had *pointedly warned* the defendant that failure to comply with the discovery obligations would subject him to certain statutory sanctions. That same consideration applies here.

While we recognize that dismissal with prejudice is a drastic sanction, the record demonstrates obvious concern by the trial judge that Cagle have her day in court and that she not be unnecessarily penalized. Accordingly, the judge first chose *not to dismiss* Cagle's suit despite his finding that her failure to attend the scheduled depositions was unexcused and unjustified. Instead, the court conditioned continuation of the suit on the fair and reasonable requirement that Cagle reimburse appellee Fennel's costs and fees, which is specifically permitted under Rule 37. Only upon Cagle's failure to pay within the time prescribed or to present facts demonstrating a clear inability to pay within that time did the court proceed some 47 days later as warned in its earlier order; namely, the suit would be dismissed with prejudice.

■ In light of Cagle's failure to attend either deposition, compounded by the subsequent failure to pay the costs and fees assessed by the judge in lieu of and to avoid dismissal, we find that the trial court acted well within its discretion in entering its final order dismissing Cagle's suit with prejudice.

Affirmed.

HICKMAN, J., concurs in the result, finding it was the appellant's lawyer's fault.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. This decision is wrong for two reasons. First, it denies the appellant without money the right to have her claim adjudicated in the courts. Second, the sanctions imposed were too harsh and beyond those authorized by Rule 37(d).

The appellant notified her attorney prior to the first scheduled deposition that she would be unable to attend. I think she was justified in believing her attorney would either have the deposition rescheduled or contact her and tell her she must attend. The second time the deposition was set the appellant simply forgot about it. Again, it was the responsibility of her attorney to remind her and see that she was present or had a valid reason for failing to be present.

Additionally, I do not believe that it cost the appellee $500 to not take the first deposition. Obviously it took only a few minutes to determine that she was not going to be there. It certainly has not been shown that the appellant's failure to attend the deposition was willful, deliberate, or characterized by a conscious disregard of her discovery obligations. In fact there had been no order issued in the case, and, so far as the record shows, she had not been informed of the severity of failure to attend. Perhaps she would not have forgotten had she been properly warned.