GRAND PRAIRIE SAVINGS AND LOAN ASSOCIATION, Stuttgart, Arkansas, The Hayden Trust, First Presbyterian Church, Jonesboro, Arkansas, and First State Bank of Crossett v. WORTHEN BANK AND TRUST CO., N.A.

88-118                                    769 S.W.2d 20

Supreme Court of Arkansas
Opinion delivered May 1, 1989
[Rehearing denied May 30, 1989.]

*Malcolm R. Smith, P.A.*, for appellant Grand Prairie Savings and Loan Association and the Hayden Trust.

*Paul S. Rainwater*, for appellant First State Bank of Crossett.

*H. William Allen, P.C.*, by: *H. William Allen* and *Sandra Jackson*, for appellee.

JOE D. WOODWARD, Special Justice. This matter comes before this court on appeal of a partial summary judgment

entered by the trial court. The lower court held that loan participations are not securities under the Arkansas Securities Act, Ark. Code Ann. § 23-42-102 (1987).

Sun Belt Federal Bank, FSB, of Lake Providence, Louisiana, agreed to make a loan to BFC 8, Ltd., a limited partnership, for the purpose of building a six story, multi-tenant office building in Baton Rouge, Louisiana. The limited partnership executed and delivered its promissory note in the amount of eight million three hundred fifty thousand dollars ($8,350,000) to Sun Belt Federal Bank. Sun Belt Bank retained a small percentage of the loan, and sold the balance of the loan, in loan participations, to others.

The appellee, Worthen Bank & Trust Company, N.A., was engaged by Sun Belt to help sell participations in the loan. Worthen subsequently prepared an offering memorandum and offered participations in the loan for sale on a commission basis. The appellant, Grand Prairie Savings and Loan, purchased a $300,000 participation, and the appellant First State Bank purchased a $200,000 participation.[1]

The BFC, Ltd. office building project failed and the appellants sued Worthen under the Arkansas Securities Act and for common law fraud, maintaining that the loan participations were "securities" under Ark. Code Ann. § 23-42-102 (1987). The trial court entered a partial summary judgment in favor of Worthen, ruling that the loan participations were not "securities" under section 23-42-102 and left the common law fraud claims pending for trial. On the day of the trial, the appellant, Grand Prairie Savings and Loan Association, took a non-suit as to its common law fraud claims. First State Bank of Crossett went to trial on its claim of common law fraud and a jury returned a verdict in favor of Worthen. That verdict is not here on appeal.

The only issue for this court to decide is whether the trial court correctly determined, by summary judgment, that the loan participations involved are not securities under the Arkansas

---

[1] (The Hayden Trust, First Presbyterian Church, Jonesboro, Arkansas, purchased a $250,000 participation and was originally an appellant on appeal, however, the Hayden Trust and Worthen reached a settlement before the matter reached this court. The Hayden Trust is no longer a party to this appeal.)

Securities Act.

The appellants contend that the loan participations which they purchased were notes and, as such, were securities under section 23-42-102.[2]

The appellee, on the other hand, contends that the court below properly interpreted the language of the Arkansas Securities Act and correctly held, as a matter of law, that the loan participations purchased by the plaintiffs were not securities within the meaning of the Arkansas law.

■ This court holds that the trial court correctly found that the subject loan participations, when viewed under the circumstances of this particular case, as described by the pleadings, admissions, depositions, affidavits offering memorandums, and answers to interrogatories, were not securities within the meaning of Ark. Code Ann. § 23-42-102.

■ The Arkansas Court of Appeals has held that "securities" under the Arkansas Securities Act are properly found when a transaction is an "investment in the risk capital of a venture with an expectation of benefits but with a lack of control on the part of the investor." *Smith* v. *State*, 266 Ark. 861, 587 S.W.2d 50 (Ark. App. 1979). The test used in *Smith, supra*, is substantially the same as the test used in the federal courts. *Union National Bank* v. *Farmers Bank*, 786 F.2d 881 (8th Cir. 1986).

■ This court has held that "the definition of what constitutes a security must necessarily depend on an analysis of all of the factors in any given transaction." *Schultz* v. *Rector, Phillips, Morris, Inc.*, 261 Ark. 769, 552 S.W.2d 4 (1977). While *Schultz* involved the question of whether a "joint venture interest" was a "security" under the Arkansas Securities Law, the same principle applies to loan participations. The definition section of the Arkansas Securities Law, section 23-42-102, clearly indicates that the term "security" as used in the Act should be construed in its ordinary sense "unless the context

---

[2] Section 23-42-102 provides, in part, that "As used in this Chapter, unless the context otherwise requires: *** (13) "Security" means any "note; stoc'., treasury stock; bond; debenture; evidence of indebtedness; other certificate of interest or participation in any of the profit sharing agreement----". (Underscoring supplied.)

otherwise requires." The purpose of the Act is clearly remedial and is intended to prevent fraudulent practices and activities from becoming a burden upon unsophisticated investors and the general public. Here, the affected parties are longtime professional bankers engaged in an isolated commercial transaction. Bankers are presumed to be sophisticated in banking and financial activities to the extent that they should not need protection from one another. The Hayden Trust, which is no longer a party to this appeal, is not a bank. However, the evidence in the lower court disclosed that its portfolio of investments was being overseen and operated by a bank president who was sophisticated in loan participations and financial affairs generally. The fact that the Trust purchased a loan participation does not alter the fact that the participations were transactions between banks and bankers.

■ The "context" of the Arkansas Securities Law clearly indicates that this type of isolated commercial transaction was never intended to be covered by the Arkansas Securities Act. *Union National Bank* v. *Farmers Bank, supra*; *American Fletcher Mortgage Company* v. *U. S. Steel Credit Corporation*, 635 F.2d 1247 (7th Cir. 1980).

■ This court has previously held that on motions for summary judgment, the burden, in the trial court, is upon the movant and the proof submitted should be viewed in the light most favorable to the party resisting the motion. The court below properly placed this burden on the appellee and then correctly considered the pleadings, admissions, depositions, affidavits offering memorandums, and answers to interrogatories in finding that, as a matter of law, the loan participations were not "securities" under the Arkansas Securities Law.

■ On the basis of all the evidence presented in the court below, there appears to be no genuine issue of material fact and the partial summary judgment was therefore appropriate. See *Ray* v. *Shelby Mutual Ins. Co.*, 14 Ark. App. 265, 266, 687 S.W.2d 526, 527 (1985); *Moller* v. *Thies Realty, Inc.*, 13 Ark. App. 266, 683 S.W.2d 239, 241 (Ark. App. 1985).

AFFIRMED.

GLAZE, J., concurs.

DUDLEY, J., not participating.

TOM GLAZE, Justice, concurring. I agree with the results reached in this case, but I am concerned with the majority's reliance on the fact that only banks were involved in the loan participations. By such reliance, the majority seems to ignore the fact that there was a public offering in this case. The offering memorandum was directed to financial institutions and qualified individual investors. As the facts of this case show, a charitable trust, the Hayden trust, was a participant and a party to the lawsuit until its claim was settled with Worthen.

While I agree that the sophistication and knowledge of the parties should be considered by the court, I submit there are other, more important, factors that should determine the outcome of this case. For instance, in my opinion, the transaction fails to meet the definition of a security under the test set out in *S.E.C.* v. *Howey Co.*, 328 U.S. 293 (1946). One of the prongs of the *Howey* test is that there should be a reasonable expectation of profits from the investments in a venture. I find persuasive the argument that interest obtained from a loan shows not an investment premised upon a reasonable expectation of profits, but a commercial loan transaction. *See American Fletcher Mortg. Co.* v. *U.S. Steel Credit Corp.*, 635 F.2d 1247 (7th Cir. 1980).

One might question whether my reference to the so-called *Howey* test is appropriate, since it has been suggested this court has not adopted that test, preferring instead the view adopted by Minnesota in *Minnesota* v. *Investors Security Corp.*, 297 Minn. 1, 209 N.W.2d 405 (1973). *See Schultz* v. *Rector-Phillips-Morse, Inc.*, 261 Ark. 769, 552 S.W.2d 4 (1977); *see also Note, A Definition of "Investment Contracts" and Equitable Defenses to Suit for Rescission for Nonregistration Under the Arkansas Securities Act*, 1 UALR L.J. 366, 375 (1978) and *Note, Securities Law — Partnerships — Adoption of an Expansive Test for Defining a Security*, 11 UALR L.J. 369, 373 (1988-89). In spite of such a suggestion, I point out that, in reaching its decision, the majority court places substantial reliance on the cases of *Union National Bank* v. *Farmers Bank*, 786 F.2d 881 (8th Cir. 1986), and *American Fletcher Mortg. Co.* v. *U.S. Steel Credit Corp.*, 635 F.2d 1247(7th Cir. 1980), and that the courts in both of these cases applied the *Howey* test when reaching their

respective decisions. In this same vein, I note that the Arkansas Court of Appeals, in its decision in *Smith* v. *State*, 266 Ark. 861, 587 S.W.2d 50 (Ark. App. 1979), relied on a test substantially similar to the *Howey* test. *See also Union Nat. Bank of Little Rock* v. *Farmers Bank*, 786 F.2d at 885.[1]

While not diminishing the importance of the fact that bankers were the participants in the transactions here, I believe the decisive factor, when considering the security issue, is that the transactions revealed participation in what amounted to a standard commercial loan, not an investment. In sum, I am convinced the state securities law was not intended to cover such bank loans.

---

[1] Arkansas cases on the subject of defining the term security are not models of clarity, and in my mind at least, the court must better define which test and what factors it will consider when confronted with this issue.