122

Curtis Lee GRAHAM *v.* John SLEDGE, Jewell Sledge,
and James R. Sledge

CA 89-92                                          771 S.W.2d 296

Court of Appeals of Arkansas
Division I
Opinion delivered May 31, 1989

*Don E. Glover; Wright, Lindsey & Jennings*, for appellant.

*Griffin, Rainwater & Draper, P.A.*, by: *Billy J. Hubbell*, for appellees.

JUDITH ROGERS, Judge. In this appeal, the question presented is whether the trial court erred in imposing against the appellant the sanctions of dismissing his complaint, striking his answer to appellees' counterclaim, and entering a default judgment in favor of appellees for the appellant's failure to timely provide answers to interrogatories. The appellant advances several overlapping points for reversal which can essentially be combined into two arguments. As the first argument, he generally contends that such sanctions were not justified under the facts and circumstances of this case as the appellees were not prejudiced by his delay in responding to the interrogatories. Secondly, it is argued that the trial court erred in granting a default judgment on appellees' counterclaim when none of the interrogatories related to appellees' counterclaim. We find no abuse of discretion and affirm.

On October 24, 1987, appellant filed suit against the appellees seeking damages arising out of an automobile accident in which the parties were involved. Appellees answered the complaint and asserted a counterclaim which was in turn answered by the appellant. On December 2, 1987, the appellees propounded certain interrogatories that were responded to by the appellant on January 14, 1988. Appellees filed a motion to compel on February 3rd, alleging that the responses given were incomplete, and that the answers did not meet the requirements of Ark. R. Civ. P. 33(a), in that each interrogatory was not repeated immediately preceding the answer. In addition, it was alleged that the answers were not submitted under oath.

After a hearing on appellees' motion, the trial court made findings consistent with appellees' allegations and entered an order dated March 2, 1988, whereby the appellant was directed to resubmit answers to the interrogatories, in proper form and signed under oath, on or before April 15, 1988. The appellant was further ordered to respond to seven interrogatories which the court found had been previously answered either evasively or incompletely. The order also stated that the "[f]ailure to comply with this order shall result in sanctions and expenses being established and awarded herein pursuant to the provisions of Rule 37 of the Arkansas Rules of Civil Procedure."

The answers to the interrogatories were not received until April 22nd, whereupon appellees filed a motion to dismiss. A hearing was scheduled on this motion on April 28th. Although he had received notice of the hearing, the appellant failed to appear, and the trial court ordered the imposition of the sanctions which are the subject of this appeal. The date that the case was regularly scheduled for trial, May 9, 1988, was kept for the purpose of taking evidence to establish the amount of the appellees' damages, and for determining attorney's fees and expenses to be awarded. The appellant filed a motion to set aside the court's order striking his complaint and answer to the counterclaim; the trial court denied the motion.

Rule 37(d) of the Arkansas Rules of Civil Procedure provides the following with respect to a party's failure to serve answers to interrogatories:

> [t]he court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Subdivision (b)(2)(C) provides the following sanction:

> An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

The thrust of appellant's first argument is that the sanctions

imposed were not warranted under the facts of this case. Relying largely on federal law, the appellant argues that before such drastic sanctions can be meted out, the failure to make discovery must be accompanied by a showing of bad faith or willfulness, or resulting prejudice to the party seeking discovery. He argues that these elements were absent in the instant case as the answers were tendered only five working-days late, and that the initial responses, although admittedly not in proper form, contained answers to most of the questions asked. He adds that in his deposition, which was taken on March 7, 1988, answers were supplied to most of the questions that had initially been unanswered.

In response to the issues raised in this argument, we do not find that Rule 37 has been so narrowly construed as to mandate an affirmative showing of these elements before the sanctions of dismissal or the entry of a default judgment can be imposed. As pointed out in *Cagle* v. *Fennel*, 297 Ark. 353, 761 S.W.2d 926 (1988), the supreme court stated that "[o]ur rules do not require a finding of willful or deliberate disregard under the circumstances." Although these factors may be pertinent to the trial court's decision in either awarding sanctions or weighing which sanctions should be imposed, the lack of such findings does not prohibit the trial court from ordering sanctions authorized under the rule.

As the court did in *Cagle* v. *Fennel, supra*, we also recognize that the dismissal of a complaint or the granting of a default judgment is drastic and both are severe sanctions. *See also, Harper* v. *Wheatley Implement Co., Inc.*, 278 Ark. 27, 643 S.W.2d 537 (1982). The appellant offers his substantial compliance in responding to the interrogatories as a rationale for excusing his non-compliance with the order of the court setting a deadline for the completion of this discovery, and we agree that perhaps the better practice might be for a trial court to exercise some restraint when imposing the harshest of sanctions. Without elaborating on the merits of appellant's contention that the appellees suffered no prejudice by the delay, we cannot say that the trial court abused its discretion in ordering these sanctions when a previous order had been entered, which clearly stated that the failure to comply would result in the award of sanctions pursuant to Rule 37. Relying on *Mann* v. *Ray Lee Supply*, 259

Ark. 565, 535 S.W.2d 65 (1976), the court in *Cagle* placed particular significance on the fact that the sanctions were preceded by an order in which the appellant was "pointedly warned" of the consequences of his failure to provide the requested discovery. *Accord, Burton* v. *Sparler*, 272 Ark. 254, 613 S.W.2d 394 (1981); *Loosey* v. *Osmose Wood Preserving Co.*, 23 Ark. App. 137, 744 S.W.2d 402 (1988).

■■ Additionally, we find no merit to the appellant's argument that the order compelling discovery in this case did not "pointedly warn" him that a dismissal or default might possibly be entered. Reference to Rule 37 is sufficient. We further note that the entry of a default judgment did not foreclose the possibility for relief due to excusable neglect, unavoidable casualty or other just cause as provided in Ark. R. Civ. P. 6(b). *Mann* v. *Lee Supply, supra; Belcher* v. *Bowling*, 22 Ark. App. 248, 738 S.W.2d 804 (1987). Appellant's arguments do not support the setting aside of the default on these grounds, and it does not appear that the appellant offered any explanation for the failure to respond on the set date.

■ As appellant's second point for reversal, he contends that the trial court erred in granting judgment on appellees' counterclaim for alleged inadequacies in discovery when none of the questions related to appellees' counterclaim. Appellant relies on the decision of *Harper* v. *Wheatley Implement Co., Inc., supra*, and argues in his brief that "[a]s shown in *Harper*, the court *must* consider the relationship of the information withheld in formulating a remedy for sanctions." (Emphasis ours.) As we stated in our earlier discussion, we do not read Rule 37 as placing such narrow restrictions on the trial court's ability to act, nor do we interpret this case so broadly as requiring that in order for pleadings to be stricken, they must bear a direct relationship to the requested discovery. The trial court is vested with the discretion to impose sanctions pursuant to the rule for failure to comply with discovery obligations. Inflicting such sanctions for the failure to make discovery in disregard of the court's order may, on its face, appear excessively punitive. However, we give due deference to the trial judge who is in a superior position to make this determination, and who must have the discretion to control the conduct of litigation. In this case, the sanctions that the court imposed were within the range of those authorized

under the rule, and accordingly, we affirm the decision of the trial court as we find no abuse of discretion.

AFFIRMED.

CORBIN, C.J., and MAYFIELD, J., agree.