Julie COOK *v.* Ed Watkins WILLS; Wills-Cook & Associates, Inc.; Wills-Cook & Associates, a Joint Venture

90-359                                    808 S.W.2d 758

Supreme Court of Arkansas
Opinion delivered May 13, 1991

*William L. Owen*, for appellant.

*Henry Hodges*, for appellees.

JACK HOLT, JR., Chief Justice. This is an appeal from the dismissal with prejudice of the third-party complaint of the appellant, Julie Cook, against the appellees, Ed Wills, Wills-Cook & Associates, Inc. (Wills-Cook Inc.), and Wills-Cook & Associates, a Joint Venture (Wills-Cook Joint Venture), and the granting of summary judgment in favor of the appellees on Ms. Cook's alleged count of securities fraud.

The pertinent, general background of this appeal shows that on May 15, 1989, Boyle Realty Company (Boyle) filed a complaint against Ms. Cook to collect past due rent on office premises leased to Ms. Cook. Ms. Cook answered and claimed that Wills-Cook Inc. was a necessary and indispensable party, whereupon Boyle amended its complaint to include Wills-Cook Inc. Ms. Cook then filed an amended answer and third-party complaint against Mr. Wills, Wills-Cook Inc., and Wills-Cook Joint Venture claiming two counts of breach of contract, one count of securities fraud, and seeking specific performance and a

declaratory judgment on her contention that her company, J.C. Cook and Company, had merged with that of Mr. Wills, Frank J. Wills Company, to form Wills-Cook Inc. Mr. Wills counterclaimed on the basis of Ms. Cook's alleged misrepresentation of accounting information pertaining to her business.

On August 27, 1990, partial summary judgment was granted to the appellees on the securities fraud count. Also on that date, the trial court entered its judgment and dismissed with prejudice, upon settlement, Boyle's complaint and, as a sanction for her abuse of discovery, struck with prejudice Ms. Cook's amended third-party complaint against the appellees. Mr. Wills's counterclaim was dismissed without prejudice.

Ms. Cook alleges three points of error on appeal: 1) that the trial court erred in striking her amended third-party complaint with prejudice, 2) Ark. R. Civ. P. 37 requires a showing of willful disregard to the discovery rules before imposition of sanctions are imposed, and 3) the trial court erred in granting summary judgment dismissing her securities fraud count. None of these arguments has merit, and we affirm.

On May 25, 1990, the appellees filed a request for production of documents from Ms. Cook seeking copies of income tax returns for 1985, 1986, 1987, 1988, and 1989. Ms. Cook responded and objected that the income tax returns for 1985, 1986, and 1989 were irrelevant; she ultimately agreed to produce the income tax returns for 1987 and 1988. The appellees received the 1987 income tax return; however, on July 17, 1990, the day of trial, Ms. Cook had not produced the 1988 income tax return after her repeated assurances that she would do so. It was at that juncture that the trial court made its decision to sanction Ms. Cook for her abuse of the discovery process due to her failure to produce her 1988 income tax return.

Ms. Cook initially argues that the trial court erred in striking her amended third-party complaint with prejudice. Ark. R. Civ. P. 34(b) addresses the procedure of the production of documents and provides in pertinent part that:

> [t]he party upon whom the request is served shall serve a written response within 30 days after the service of the request . . . . The response shall state, with respect to

each item . . . that inspection and related activities will be permitted as requested, unless the request is objected to . . . . If objection is made to part of an item or category, the part shall be specified. . . .

Ms. Cook answered the appellees' request for the production of documents, specifically objecting to the production of the 1985, 1986, and 1989 income tax returns; she produced her 1987 income tax return and, although she agreed to produce her 1988 income tax return, failed to do so by the date of trial. Ms. Cook acknowledges in her appellate brief that she "does not contend that her 1988 tax return was not discoverable nor was it privileged nor is there any reason why she would not have made it available. She intended to make the 1980 tax return available. Timing of the inspection had been agreed upon between counsel."

In *Dunkin* v. *Citizens Bank of Jonesboro*, 291 Ark. 588, 727 S.W.2d 138 (1987), we affirmed the imposition of sanctions against a party who had not answered all of the interrogatories propounded to her by striking her partial answer. In that case, we stated:

Authority for the trial court's action can be found in our rules of civil procedure. Arkansas R. Civ. P. 26(b)(1) provides that '[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the issues in the pending actions, . . .' Ark. R. Civ. P. 37(d) states that if a party fails to serve answers or objections to interrogatories 'the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (B)(2) of this rule.' Rule 37(b)(2)(C) then permits the court to enter an order 'striking out pleadings or parts thereof.'

Rule 37(d) also applies to a party's failure to serve a written response to a request for inspection submitted under Rule 34.

Also, in *Cagle* v. *Fennel*, 297 Ark. 353, 761 S.W.2d 926 (1988), we noted that dismissal with prejudice is a drastic sanction. However, in that case, we found that the trial court had acted well within its discretion in entering its final order dismissing the appellant's suit with prejudice in light of her failure to

attend two depositions and her subsequent failure to pay the costs and fees assessed by the judge in lieu of and to avoid the dismissal of her case. Our decision in that case was influenced by the trial court's obvious concern that the penalized party have her day in court and that she not be unnecessarily penalized.

In this case, Ms. Cook repeatedly agreed to the production of her 1988 income tax return. There were three pretrial hearings at which Ms. Cook could have apprised the trial court of her difficulty in producing the 1988 tax return; yet, she positively assured defense counsel and the trial court that the document would be produced prior to trial. On the day of trial, and after the jury had been impaneled, defense counsel advised the trial court that Ms. Cook had not produced her 1988 tax return as she had promised on prior occasions. In light of Ms. Cook's conduct, defense counsel's complaint to the trial court of her non-compliance with the discovery process served as the functional equivalent of a formal motion for purposes of Rule 37(d).

The tax return was deemed to be crucial to the appellees' defense on a variety of bases, and the trial court on at least one occasion commented that Ms. Cook "hasn't done what the court has told her to do . . ." and that "she has not produced evidence I've told her to produce. . . ." As previously stated, Ms. Cook agreed to the production of her 1988 income tax return although she subsequently failed to honor her promises. Pursuant to Rule 37(d), the court "may make such orders in regard to the failure as are just, . . ." and, under these circumstances, the trial court did not abuse its discretion in imposing severe sanctions under that rule for Ms. Cook's acknowledged obligation to produce documents in the course of discovery.

Ms. Cook's second point of error claims that Rule 37 requires a showing of willful disregard to the discovery rules before sanctions are imposed. In *Cagle* v. *Fennel, supra*, we stated that our rules of civil procedure do not require a finding of willful or deliberate disregard under the circumstances before sanctions may be imposed for failure to comply with the discovery rules.

Finally, Ms. Cook argues that the trial court erred in granting summary judgment on her securities fraud count. The trial court made its decision on the basis that the Arkansas Securities Act did not apply to the facts of this case. He is correct

in that the stock involved in the alleged merger of the two companies involved was not a security within the meaning of Ark. Code Ann. § 23-42-102 (1987).

In *Grand Prairie Sav. and Loan Ass'n v. Worthen Bank & Trust Co., N.A.*, 298 Ark. 542, 769 S.W.2d 20 (1989), we noted that securities under the Arkansas Securities Act were properly found when a transaction is an investment in the risk capital of a venture with an expectation of benefits but with a lack of control on the part of the investor. There are five significant common factors of traditional securities: 1) the investment of money or money's worth, 2) investment in a venture, 3) the expectation of some benefit to the investor as a result of the investment, 4) contribution towards the risk capital of the venture, and 5) the absence of direct control over the investment or policy decisions concerning the venture, *Smith v. State*, 266 Ark. 861, 587 S.W.2d 50 (1979), and the definition of what constitutes a security must necessarily depend on an analysis of all of the factors in any given transaction, *Schultz v. Rector, Phillips, Morris, Inc.*, 261 Ark. 769, 552 S.W.2d 4 (1977).

Here, Ms. Cook and Mr. Wills effectively combined their separate companies to form a new business entity. It is disputed as to whether Ms. Cook was to receive 20% or 40% controlling interest in the new company, but it is not disputed that Ms. Cook and Mr. Wills would provide their skills and expertise in the advertising and marketing business. In fact, Ms. Cook stated in her deposition that the main point of her receiving an interest in the new business was her future creative ability to be used on behalf of the new business. This can hardly be categorized as a lack of control on her part.

Consequently, the judgment of the trial court is affirmed.

BROWN, J., not participating.