Bradley D. JESSON, Chief Justice. This appeal arises from the dismissal of appellant Sandra Rush’s products-liability complaint. The trial court dismissed her case with prejudice for her “pattern of intentional, willful and deliberate delay” and for her “failure to narrow her case and ready it for trial.” On appeal, appellant asserts that the trial court erred in allowing her second attorney to withdraw in violation of ARCP Rule 64(b), and in faffing to give her third attorney adequate time to prepare her case for trial. We disagree that the trial court abused its discretion and affirm. Appellant initiated this lawsuit on October 18, 1991, alleging that she developed multiple-chemical-sensitivity syndrome as a result of her alleged exposure to certain carpeting products installed at her Little Rock residence. Represented by Little Rock attorney James F. Swindoll, appellant filed her complaint against Fieldcrest Cannon, Inc., a carpet manufacturer, Allied Fibers, a carpet-component manufacturer, and Brandon Furniture Company, Inc., a carpet installer. On September 8, 1992, appellant amended her complaint to add ten additional defendants, among which included carpet cleaners, vinyl-flooring manufacturers and wholesalers, and pesticide manufacturers and applicators. She claimed that she became chemically sensitive sometime between the time her house was built in 1978 and when pesticides were applied to her home in 1989. Her case was assigned to the Seventh Division of Pulaski County Circuit Court. Appellant was ordered to provide medical authorization so that appellees could obtain her medical records. Appellant nonsuited her case on December 31, 1992, and, thereafter, attorney Swindoll discontinued his representation of appellant. After obtaining a new attorney, Robert A. Krause of the Wyoming firm of Spence, Moriarity and Schuster, appellant refiled her case on December 28, 1993, against the present thirteen appel-lees. The case was assigned to the Second Division of Pulaski County Circuit Court. On May 25, 1994, the trial court entered a scheduling order providing that appellant was to identify her expert witnesses by February 21, 1995, and setting a trial date of September 5, 1995, over one year away. Appellant did not designate her expert witnesses by the due date. Instead, on February 25, 1995, she filed a motion under seal for an extension to identify experts. Accompanying this motion was a motion by attorney Krause to withdraw as counsel. At a March 15, 1995, ex parte hearing on the motion to withdraw, Krause informed the trial court that he was prepared to identify eight expert witnesses who would testify at trial. Krause showed the trial court a list of these witnesses, which included descriptions of their expected testimony. According to Krause, appellant would not permit him to disclose this list to the appellees. Rather, appellant insisted on a two-page list containing twenty-two additional experts with whom she could not claim she had spoken. At the conclusion of the hearing, the trial court announced that he was granting Krause’s request to withdraw and gave appellant sixty days to hire a third attorney. The trial court entered a written order to this effect on March 28, 1995. On May 26, 1995, Elizabeth Burkhardt of Houston entered her appearance as counsel for appellant. The trial court held a status conference on May 31, 1995. At this hearing, the trial court announced a new scheduling order calling for appellant to name her experts by July 5, 1995, and setting a November 8, 1995, trial date. The trial court cautioned appellant that she needed to “narrow the issues down and narrow the witness list down,” and that “we are going to stick to those dates.” On July 5, 1995, appellant designated forty-two expert witnesses, not all of whom she planned to call at trial. The list included most, if not all of the witnesses on her previous list, the eight witnesses attorney Krause had wished to identify, plus additional expert witnesses. Thereafter, the appellees filed a joint motion to dismiss appellant’s case with prejudice. Following a hearing on the motion, the trial court entered a detailed order on August 31,1995, dismissing appellant’s case with prejudice. In its order, the trial court found that appellant had “insisted on identifying an excessive and unreasonable number of expert witnesses . . . for the improper purpose of harassing the defendants and delaying the litigation.” The trial court further determined that appellant’s “pattern of intentional delay, her abuse of the legal system, her failure to narrow her case and ready it for trial, and her willful disregard of the rules of court and this court’s orders” had resulted in “unfair prejudice and tremendous and unreasonable expense” to appellees. It is from this ruling that appellant appeals. Withdrawal of counsel Appellant first argues that the trial court erred in permitting Krause, her second attorney, to withdraw as counsel. This issue is governed by ARCP Rule 64(b), which provides that permission to withdraw may be granted for good cause if counsel demonstrates that he (1) has taken reasonable steps to avoid foreseeable prejudice to his client, including giving due notice to his client and allowing time for employment of other counsel; (2) has delivered or stanch ready to tender to the client all papers and property to which the client is entitled; and (3) has refunded or stands ready to refund any unearned fees. In Jones-Blair Co. v. Hammett, 326 Ark. 74, 930 S.W.2d 335 (1996), we explained that the rule’s purpose was to protect the client’s interests, and that the trial court, in considering an attorney’s motion to withdraw, should examine the proposed withdrawal from the point of view of the client, not the attorney. We have no reservation in concluding that Rule 64 was complied with in this case. Krause requested permission to withdraw for three reasons. First, he stated that he could not, in good faith, carry out appellant’s instructions with respect to identifying expert witnesses. Second, he averred that appellant had given him settlement authority with respect to several of the appellees, but, after substantial settlement negotiations had taken place, suddenly withdrew authority to settle with any appellee. Finally, Krause reasoned that appellant had become irate and belligerent on the telephone with him and his staff. Appellant did not dispute these facts at the hearing or in her lengthy response to Krause’s motion. To the contrary, appellant’s response suggested an apparent hostility toward Krause and his representation of her in her case. Under these circumstances, we agree that Krause demonstrated good cause for being relieved as counsel. Turning to the specific requirements of Rule 64, we observe that the trial court gave appellant sixty days to obtain new counsel, and she did so. Krause indicated his willingness to hand over all papers and literature to appellant’s new attorney, and, at the May 31, 1995, hearing, attorney Burkhardt indicated that Krause had in fact sent her the twenty boxes of files relating to appellant’s case. When the trial court announced its intention to conduct a pretrial conference in September or October of 1995, attorney Burkhardt offered, “If I can’t do it in that time, Judge, I can’t do it.” Moreover, it was undisputed that appellant had not paid Krause any fees for his services. Considering these facts, we cannot see how appellant was prejudiced by Krause’s withdrawal, and we must further conclude that the trial court properly followed Rule 64 in this case. Dismissal with prejudice We turn now to the question of whether the trial court abused its discretion in dismissing appellant’s case with prejudice. In concluding that dismissal was the appropriate sanction, the trial court relied in part on ARCP Rule 37, which allows for sanctions, including dismissal of a cause of action, for failure to make discovery. The imposition of sanctions for the failure to make discovery rests in the trial court’s discretion. Viking Ins. Co. v. Jester, 310 Ark. 317, 836 S.W.2d 371 (1992). We have often upheld the trial court’s exercise of discretion in granting severe Rule 37 sanctions for flagrant discovery violations. Id., Rodgers v. McRaven’s Cherry Pickers, Inc., 302 Ark. 140, 788 S.W.2d 227 (1990). For example, we have affirmed dismissals with prejudice for failing to answer interrogatories, Dunkin v. Citizens Bank of Jonesboro, 291 Ark. 588, 727 S.W.2d 138 (1987), and for failing to attend one’s own deposition. Cagle v. Fennel, 297 Ark. 353, 761 S.W.2d 926 (1988). Other jurisdictions have affirmed dismissals for failure to name expert witnesses. See e.g. Cruz v. Columbus-Cuneo-Cabrini Med. Ctr., 636 N.E.2d 908 (Ill. App. 1 Dist. 1994); Wahle v. Medical Center of Delaware, 559 A.2d 1228 pel. 1989). Compliance with the rules of discovery is necessary in all cases, and is especially important in cases involving complex issues and multiple parties. We have a mechanism in place by way of ARCP Rule 16 that allows a trial court to call a conference of the attorneys in a case to consider certain issues. Following this conference, the trial court is to enter an order reciting the action taken at the conference. That order, when entered, is to control the subsequent course of the litigation. The primary purpose of the scheduling order is to keep litigation moving forward and to advise parties about the deadlines that they are expected to meet. See Perry v. Sera, 623 A.2d 1210, 1220 (D.C.App. 1993). Failure to meet these deadlines undermines the goals of the scheduling order and prejudices the other side, which is also subject to discovery deadlines. Id. Indeed, one of the matters that may be considered under our Rule 16 is precisely the one addressed by the trial court in this case — the limitation of the number of expert witnesses. See ARCP Rule 16(4). The trial court entered two scheduling orders in which he set deadlines for naming and narrowing the list of experts. Appellant flatly ignored both of these orders, and offers us no rational justification for doing so. Instead, she complains that, because appellees failed to provide her with certain chemical formulas and research studies, she was unable to narrow her expert-witness list. We are not persuaded by her argument. We find no motion for order compelling discovery in the abstract. We agree with the trial court that appellant “should have come to the court for help” rather than expand her expert-witness list to forty-two persons in direct violation of repeated orders to narrow her list. The trial court found that appellant’s pattern of conduct in ignoring its orders was for the improper purpose of harassing the appellees and delaying the litigation. Because the trial court was in a better position to judge the appellant’s actions, we cannot say that its dismissal constituted an abuse of discretion. While we recognize that dismissal is the most severe of sanctions, we are persuaded by the rationale of the District of Columbia Court of Appeals on this point: [I]t is the plaintiff that is being sanctioned here. Appellant, as plaintiff, chose to utilize the court system to try to redress wrongs that had allegedly been done to her. When invoking such aid, a plaintiff should be prepared and willing to follow the rules that keep that system running in an orderly and efficient manner. Noncompliance with court orders and rules may cause the system to bog down and may adversely affect other litigants. When a plaintiff is personally responsible for this type of delay, he or she prejudices not only the defendant but also the ability of other persons — persons that are doing what is necessary to follow the rules — to utilize the system. Perry, 623 A.2d at 1219 (footnotes omitted). We have further recognized the inherent power of trial courts to dismiss a case for failure to pursue it with diligence. Florence v. Taylor, 325 Ark. 445, 928 S.W.2d 330 (1996). “[T]he trial judges in this state have an obligation to assure that their courts are conducted in an orderly and correct manner and that their courts are treated with respect and dignity.” Id. at 450. In Florence, we affirmed the trial court’s dismissal of a case with prejudice after appellants and their counsel had two unexcused failures to appear for trial. In this case, after having been ordered repeatedly to narrow her list of experts for trial, appellant instead broadened it. Not only did appellant’s conduct result in unreasonable expense to the appellees, who were compelled to conduct discovery for nearly four years without substantial progress toward trial, her willful disregard of the trial court’s orders, like the appellants’ conduct in Florence, “flies in the face of the respect due our judicial system.” Id. It is crucial to the American judicial system that trial courts retain the discretion to control their dockets. Thompson v. Erwin, 310 Ark. 533, 838 S.W.2d 353 (1992); Eason v. Erwin, 300 Ark. 384, 781 S.W.2d 1 (1989). For the foregoing reasons, we hold that the trial court’s detailed and well-reasoned order dismissing appellant’s case with prejudice was a proper exercise of its discretion. The decision of the trial court is affirmed. Newbern and Glaze, JJ., not participating. Special Justices Carol Cannedy Dalby and Rex M. Terry join in this opinion.