Cite as 2020 Ark. App. 77

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-19-212

|  |  |
|---|---|
| MEMPHIS SCALE WORKS, INC. | **Opinion Delivered** February 5, 2020 |
| APPELLANT | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72CV-16-234] |
| V. |  |
| DAVID MCNORTON AND ACCURATE SUPERIOR SCALE SOUTHWEST, LLC | HONORABLE DOUG MARTIN, JUDGE |
| APPELLEES | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Memphis Scale Works, Inc. (Memphis), appeals from the order of the Washington County Circuit Court striking its complaint against appellees David McNorton and Accurate Superior Scale Southwest, LLC (Accurate), as a sanction for discovery violations. On appeal, Memphis argues that the circuit court abused its discretion in compelling Memphis to respond to discovery prematurely; finding that Memphis had not complied with the court's order; finding that striking the complaint was the appropriate sanction; and striking its claims against McNorton. We find no abuse of discretion and affirm.

Memphis filed suit against its former employee, McNorton, for breach of a nonsolicitation and nondisclosure agreement. The complaint was amended in October 2016 to add a claim for tortious interference with contract against McNorton's subsequent employer, Accurate. In July 2018, Accurate filed a motion to compel discovery that had originally been served in November 2017. Accurate alleged that Memphis's original

responses were deficient, including an evasive response to Interrogatory No. 3 and objections to each request for the production of financial records and business documents. Accurate had sent letters to Memphis to attempt to resolve the issues but claimed that Memphis was unwilling to supplement its responses or produce the requested documents. Memphis responded to the motion to compel, arguing that it had valid objections to Accurate's discovery requests and that it could not provide complete responses until Accurate supplied documents Memphis had requested.

A hearing on Accurate's motion to compel was held on September 4, 2018. Memphis had filed its own motion to compel at this point, but it was agreed that it would be heard later to give Accurate time to respond to the motion. Much of the discussion at the hearing involved Interrogatory No. 3, which provided as follows:

> State specifically the amount of damages that Memphis Scale Works, Inc. is seeking from David McNorton and/or Accurate Superior Scale Southwest, LLC and specifically delineate the following:
>
> (a) The manner and method of calculation of such damages;
>
> (b) The name, current address and telephone number of any person or entity performing damage calculations on behalf of Memphis Scale Works, Inc.; and
>
> (c) Describe each and every document supporting your claim for damages.

Memphis's December 2017 response to the interrogatory stated the following:

> The Plaintiff is still in the process of calculating damages. The Plaintiff cannot sufficiently quantify damages at this point due to ongoing discovery and outstanding discovery owed to the Plaintiff by the Defendant. The response to this Interrogatory will [be] supplemented after the Plaintiff has quantified the damages.

Memphis argued at the hearing that it had retained a forensic economist to calculate damages, but he could not do so until he received unredacted invoices from Accurate that

2

showed the sales McNorton had made to former Memphis customers. Accurate had previously supplied Memphis the invoices with the pricing information redacted. Memphis maintained that it needed more time for its forensic economist to determine what he was going to rely on, and then it could identify the documents that supported its claim for damages. In light of those arguments, the court ultimately ruled that

> it sounds like you have, to an extent, identified what you're going to rely on or what you intend to rely on but say you don't know what that is yet because one of these accountants is going to tell us what's relevant. In the meantime, if you have documents that you're going to rely on or you know what documents you're going to be providing to the forensic accountant, those fit within the parameters of the question that was asked of you and I think you need to go ahead and identify them.

The requests for production sought up to eight years' worth of numerous financial documents, tax returns, and minutes of director and shareholder meetings from both Memphis and K–Systems, Inc., a business Memphis had acquired. Memphis had objected to each request as seeking irrelevant information and being overly broad and burdensome. At the hearing, the court agreed with Accurate that it had a right to the documents to prepare its defense because it was not yet clear what damages were sought; however, the court found that Accurate was entitled to documents going back only two years before McNorton left Memphis. The court denied Accurate relief on one request it found too oppressive and limited the scope of the meeting minutes Memphis had to provide on the basis of a previous concession by Accurate. The circuit court entered an order on September 13, 2018, incorporating its rulings from the bench and ordering Memphis to supplement its responses and produce the documents within thirty days.[1]

---

[1]A stipulated protective order was also entered.

On October 19, 2018, Accurate filed a motion for sanctions and to strike the complaint. Memphis had served Accurate with supplemental responses on October 11 but had provided no response to Interrogatory No. 3. Further, Accurate alleged that Memphis had failed to fully produce all the requested documents, including complete tax returns and all the requested minutes. Accurate argued that Memphis blatantly violated the court's order and requested that the court strike Memphis's complaint and dismiss its lawsuit with prejudice.

In response, Memphis denied that it had been evasive or unresponsive. In response to the matters raised in Accurate's motion for sanctions, Memphis had since provided the schedules and attachments for the tax returns, more meeting minutes, and its "calculations to date" in response to Interrogatory No. 3, noting it had recently received the unredacted invoices from Accurate. Memphis argued that it had complied with the court's order to the extent that it could and would continue to supplement its responses. Accurate reiterated that Memphis had provided no response to Interrogatory No. 3 by the court's deadline despite having received Accurate's invoices nearly three weeks before.

The circuit court found that Memphis had failed to comply with the court's order regarding Interrogatory No. 3, failed to fully and timely produce all the documents, and made no effort to seek an extension of time. The court struck the complaint and dismissed the lawsuit with prejudice. Memphis now appeals pursuant to Rule 2(a)(4) of the Arkansas Rules of Appellate Procedure–Civil.

If a party fails to answer an interrogatory or fails to respond to a request for inspection or to permit inspection, the discovering party may move for an order compelling an answer

4

or inspection. Ark. R. Civ. P. 37(a)(2). If a party fails to obey an order to provide or permit discovery, the circuit court may make such orders as are just, including prohibiting the disobedient party from introducing the designated matters into evidence; striking out pleadings or parts thereof; dismissing the action; rendering judgment by default against the disobedient party; treating the disobedience as contempt of court; and requiring the disobedient party or his attorney to pay the reasonable expenses and attorney's fees caused by the failure to comply. Ark. R. Civ. P. 37(b)(2). There is no requirement that the circuit court make a finding of willful or deliberate disregard under the circumstances before sanctions may be imposed for the failure to comply with discovery requirements. *Ramsey v. Dodd*, 2015 Ark. App. 122, 456 S.W.3d 790. The imposition of sanctions for the failure to provide discovery rests in the circuit court's discretion, and our courts have repeatedly upheld the circuit court's exercise of such discretion in fashioning severe sanctions for flagrant discovery violations. *Id.*

Memphis first argues that the circuit court abused its discretion in expanding the scope of Interrogatory No. 3 and compelling it to respond before Memphis was ready. When the court ordered Memphis to identify the documents it would give its economist, however, Memphis did not argue that this was an improper expansion of the interrogatory. Accordingly, such argument is not preserved for our review. *Brown v. Lee*, 2012 Ark. 417, 424 S.W.3d 817. While Memphis did argue that it did not know what documents it would ultimately rely on to calculate damages, the court's order was for it to identify the documents it would be supplying the economist. This was an order with which Memphis could comply, as indicated by its attorney's statement later in the hearing that "the documents that

I'm going to express in the response that we will rely upon will be the financial records related to the operation out of Springdale, Arkansas." We find no abuse of discretion in the circuit court's order.

Despite arguing that it could not yet respond to Interrogatory No. 3, Memphis next claims that it did comply with the order compelling discovery. The discovery responses provided by the deadline, however, contained no response to the interrogatory. Even the name of the economist, whom Memphis stated had been hired at the time of the hearing, was not supplied until after Accurate moved for sanctions. Memphis now argues that it did not have enough time to respond because the unredacted invoices had been received less than three weeks before the deadline, but it did not seek extra time from the circuit court. While Memphis supplied some preliminary calculations of its damages after the deadline, the response remained incomplete as it still did not identify the relied upon documents. Furthermore, while Memphis did provide many of the requested documents by the deadline, the tax returns were provided without schedules and attachments, and the meeting minutes provided did not comply with the scope that was established at the hearing. It is clear that Memphis's responses were, at best, incomplete, and incomplete responses are treated as a failure to respond. *See Ross Sys., Inc. v. Advanced Envt'l Recycling Techs., Inc.*, 2011 Ark. 473.

In arguing that striking the complaint was not warranted, Memphis focuses on the fact that it had produced numerous requested documents, that it agreed to provide Accurate other information once it was available, and that there was no prejudice caused by a looming trial date. It contends that it did not engage in a "pattern of actions" or the type of flagrant

6

violations that our courts have held warrant striking pleadings. We disagree. Memphis did not respond to Accurate's good-faith letters to attempt to resolve the discovery dispute. At the hearing on the motion to compel, extensive discussions were had regarding Interrogatory No. 3, but Memphis provided absolutely no response by the court's deadline, which was nearly eleven months after the interrogatory was first served on Memphis. The response it provided after the deadline with the motion for sanctions pending remained incomplete. The failure to undertake adequate steps to provide complete discovery responses supports the severe sanction. *See Ross Sys.*, *supra*.

Rule 37 has not been so narrowly construed as to mandate an affirmative showing of bad faith or willfulness or resulting prejudice before the sanction of dismissal can be imposed. *Graham v. Sledge*, 28 Ark. App. 122, 771 S.W.2d 296 (1989). The circuit court was in a superior position to judge the actions or motives of the litigants, and we will not second-guess its ruling. *Calandro v. Parkerson*, 333 Ark. 603, 970 S.W.2d 796. While the dismissal of a complaint with prejudice is obviously a severe sanction, dismissal is a sanction expressly provided for under Rule 37 when a party fails to comply with an order to provide discovery, and it is crucial to our judicial system that circuit courts retain the discretion to control their dockets. *Ramsey*, *supra*. Memphis was the plaintiff in this case, and as such, it chose to utilize the court system to attempt to redress alleged wrongs. To allow it to bog down the judicial system through delay and willful noncompliance with the circuit court's order would be imprudent. *Calandro*, *supra*.

For its last point, Memphis argues that its claims against separate defendant McNorton should not have been struck. Memphis contends that because Accurate was the

7

only party that moved to compel discovery and moved for sanctions, only the claims against Accurate could be stuck. We disagree. Memphis cites *Entergy Arkansas, Inc. v. Francis*, 2018 Ark. App. 250, 549 S.W.3d 362, in support of its argument, but that case stands only for the proposition that a party who has not made his own requests for discovery lacks standing to join another party's motion to compel. The issue of sanctions was not addressed in *Entergy*. Rule 37(b)(2)(c) provides that if a party fails to obey an order to provide discovery, the court may make such orders as are just, including an order striking out pleadings or dismissing the action.

In *Graham, supra*, this court rejected the argument that for pleadings to be struck they must bear a direct relationship to the requested discovery. Graham argued that it was error to strike his answer to the counterclaim in addition to his complaint when none of the interrogatories related to the counterclaim. We disagreed, stating that the circuit court must have the discretion to control the conduct of litigation.

Here, although the requested discovery was not propounded by McNorton, it was related to the claims against him. The amended complaint alleged that Accurate had tortiously interfered with the nonsolicitation and nondisclosure agreement between Memphis and McNorton, and Memphis sought unspecified monetary damages against the defendants collectively. McNorton and Accurate filed a joint answer to the amended complaint. The discovery sought by Accurate for its defense would have been used in the defense of McNorton as well. Accordingly, we do not find the dismissal of the claims against McNorton to be unduly harsh. The sanctions that the court imposed were within the range of those authorized under the rule. We find no abuse of discretion and affirm.

8

Affirmed.

VAUGHT and HIXSON, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Davis, Clark, Butt, Carithers & Taylor, PLC*, by: *Constance G. Clark* and *Don A. Taylor*; and *Wilson & Associates*, by: *H. Keith Morrison*, for appellees.