Cite as 2021 Ark. App. 470

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-21-25

| | |
|---|---|
| ENDURANCE FREIGHT LOGISTICS, LLC AND GLAD RENTS, INC. | **Opinion Delivered** December 1, 2021 |
| APPELLANTS | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, TWELFTH DIVISION [NO. 60CV-19-3744] |
| V. | |
| JETONGA REDDICK | |
| APPELLEE | HONORABLE ALICE S. GRAY, JUDGE |
| | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

This appeal concerns the circuit court's October 2020 order imposing sanctions for discovery violations. In summary, appellants provided extremely tardy and incomplete responses to interrogatories and requests for production of documents. The circuit court struck appellants' answer to the complaint, which resulted in a default judgment on the issue of liability. Arkansas Rule of Appellate Procedure-Civil 2(a)(4) (2020) provides that an appeal may be taken from an order that strikes out an answer or any part of an answer. Appellants argue on appeal that this was too harsh a penalty to impose on either of them. We affirm.

In April 2019, appellee, Jetonga Reddick, was injured when the car she was driving collided with a commercial truck on University Avenue in Little Rock. Donald Martin was driving the commercial truck for Endurance Freight Logistics, LLC, a company owned

by Glad Rents, Inc., which provides party-equipment rentals. In May 2019, Reddick filed a personal-injury lawsuit in Pulaski County Circuit Court and claimed that Endurance, Glad Rents, and Martin were responsible for the accident and her resulting damages. Martin is a resident of Missouri, and Endurance and Glad Rents are companies based in Missouri. In July 2019, Benjamin Brenner, an Arkansas attorney, moved to dismiss Reddick's complaint on behalf of Endurance, Glad Rents, and Martin. Brenner had been hired as local counsel for purposes of this litigation, and Brenner collaborated with the defendants' Missouri attorneys, Katie Battisti and Jay Morris.

On August 16, 2019, Reddick served discovery requests on the defending parties.[1] On September 16, Brenner requested that the circuit court stay their obligation to respond to discovery until after resolution of their motion to dismiss. On September 27, the circuit court denied the request to stay the discovery-response time. On October 1, Reddick's attorney sent an email to opposing counsel asking for responses to discovery, which were overdue, but no response was forthcoming.

On October 4, Reddick moved to compel the defending parties to answer the propounded discovery requests and cited Ark. R. Civ. P. 37 as a basis to impose sanctions. On October 7, the circuit court conducted a hearing on the pending motion to dismiss, which was denied. Also on October 7, Brenner sent Reddick an email stating that he was

---

[1]Reddick served 51 interrogatories and 150 requests for production to Endurance and Glad Rents that covered all aspects of the accident itself, their driver, company policies and procedures, company records, insurance, expert testimony, lay testimony, etcetera. Reddick served separate interrogatories and requests for production to Martin. Ultimately, Martin was not sanctioned for his failure to properly respond to discovery. Only the companies, Endurance and Glad Rents, were sanctioned, so our discussion on appeal about the imposition of sanctions is limited to Endurance and Glad Rents.

"working on" getting answers and responses to discovery. On October 16, Reddick sent Brenner an email asking when to expect discovery responses, to which Brenner replied that he would check. The defending parties filed an answer to Reddick's complaint on October 22. On October 28, Reddick emailed again to check on the progress of providing discovery responses. On October 29, Brennan replied that he would again check. On November 11, Reddick replied that it was understood that Brennan was waiting on the "main office," but responses needed to be provided, or the motion to compel would have to be pursued.

At Reddick's request, on November 22, the circuit court entered an order compelling the defending parties to deliver their discovery responses to Reddick's attorney within ten business days. Brenner was provided a copy of this order but did not respond. On December 11, Reddick moved for sanctions, up to and including striking of the defendants' answer, for failure to comply with the November 22 order. Reddick's counsel stated that he had reached out to opposing counsel by correspondence, telephone, and email, but got no response *whatsoever*, and discovery had been pending since August 16.

On January 16, 2020, H. Barret Marshall, Jr., an Arkansas attorney, entered an appearance on behalf of the defending parties. On January 22, 2020, Katherine Battisti and James C. Morris (both Missouri attorneys) requested to be admitted *pro hac vice*, which the circuit court granted on January 29. Also on January 29, Battisti, Morris, and Marshall filed an objection to sanctions being imposed. They contended that Brenner had failed to keep them apprised of the events in this litigation, which constituted excusable neglect in responding to discovery; they requested at least ten additional days in which to respond to discovery. Reddick filed a response the same day, opposing the request for more time and

3

asking that the court enter sanctions. Reddick disagreed that Missouri counsel were unaware of the pending discovery and pointed to their numerous interactions (mainly by email) with Brennan that supported the opposite conclusion. This, Reddick claimed, did not constitute excusable neglect but rather failure to attend to business.

The circuit court convened a telephone conference on January 29 during which Reddick complained that, even now, not one document had been sent to her by the defending parties. The Missouri attorneys asked for more time to restore their firm's reputation in Arkansas. The circuit court decided to delay consideration of the motion for sanctions. In March, Endurance and Glad Rents provided 300 pages of documents and written discovery responses, although they promised to supplement with more. A week after receiving discovery, Reddick communicated that there were numerous deficiencies.

In May, the circuit court set deadlines for pretrial matters over the next eight months in preparation for a week-long jury trial. In June, the circuit court conducted a hearing on the pending motion for sanctions. Defendants' counsel stated an open commitment to work toward fulfilling discovery and moving the case along. In the end, the circuit court decided to postpone a decision on the motion for sanctions until it convened another hearing.

The parties agreed to meet July 30–31 in Missouri to depose five people associated with the defendants (owners and employees). One of those persons was Glad Rents' general manager, Craig Chambers, whose answers during his deposition demonstrated that multiple documents such as drivers' logs, invoices, load documentation, and an audit "would be" in the company files but had not been provided; that photographs Martin had taken at the accident scene had not been provided; that a traffic citation Martin had been issued in 2018

4

had not been provided; and that a department of transportation audit had been conducted with a negative outcome, which had also not been provided. After approximately two hours of questioning, Reddick's attorney halted his deposition of Chambers and cancelled the other ones because his examinations had been hindered by the defendants' failure to provide all the relevant documents in discovery. The attorneys communicated over the next few days, and Battisti attempted to remedy part of the omissions.

On August 7, Reddick filed a renewed motion for sanctions and asked for any and all sanctions allowed by Rule 37. The motion recited the court's November 2019 order to compel that required responses within ten business days, the defendants' utter failure to respond despite good-faith efforts on Reddick's part, the request in January 2020 by Missouri counsel to be allowed to remedy as soon as possible their failure to respond, the incomplete responses filed in March 2020, the revelation in the first deposition in late July 2020 that many other documents were missing, and the frustration of still not having full and complete discovery responses, some of which (electronic-log data) was now lost or destroyed. Defendants filed their own motion for sanctions alleging that Reddick improperly ceased the scheduled depositions, and defendants argued that they had tried in earnest to cooperate and provide relevant discovery.

On September 24, the circuit court convened a hearing on the pending motions for sanctions. The circuit court found it important to determine what discovery had not been provided as of the date of the motions for sanctions. By this time, the defendants had finally provided missing materials except for the now-unavailable electronic-log data, but Reddick complained that the repeated delays, extra efforts, and now missing data were prejudicial to

her. Reddick was displeased with how many times she had had to ask for the court's assistance after the defending parties had utterly disregarded her communications and the orders of the court. At the conclusion of this hearing, the circuit court granted the sanction of striking the answer of Endurance and Glad Rents. A formal order was filed on October 2, 2020, and this appeal followed.

The argument on appeal is twofold: (1) striking their answer was unduly harsh and unwarranted because their discovery failures were not flagrant or intentional; and (2) if striking the answer to the complaint was proper, this sanction should not be applied to separate defendant Glad Rents. Appellants lay most of the fault at the feet of their first Arkansas attorney (Brenner), who they say failed to do his job and communicate with appellants' Missouri attorneys. In addition, appellants contend that they did provide most of the documents sought and made good-faith efforts to supply the omitted materials when made aware of those omissions.

In contrast, Reddick reads the present record much differently than appellants. Reddick points out the repeated requests she made to prompt appellants to provide the necessary information that had been requested in August 2019, their failure to comply with a subsequent November 2019 order to compel, their request for an additional few days or weeks to comply, the circuit court's having allowed many more months to go by in which they could have complied, and the circuit court's patience in not imposing this sanction until more than a year had passed since discovery requests had been made. Reddick contends that this was an appropriate exercise of the circuit court's discretion in imposing this sanction.

6

Under Arkansas Rule of Civil Procedure 37, if a party fails to comply with an order compelling discovery, the court "may make such orders in regard to the failure as are just" and may enter "an order striking out pleadings or parts thereof." Ark. R. Civ. P. 37(b)(2)(C) (2020); *see also Merica v. S&S Home Improvements, Inc.*, 2021 Ark. App. 197, 625 S.W.3d 356. The imposition of sanctions for the failure to make discovery rests in the circuit court's discretion. *Lake Vill. Health Care Ctr., LLC v. Hatchett*, 2012 Ark. 223, 407 S.W.3d 521. Our supreme court has upheld the discretionary decision to grant severe Rule 37 sanctions for flagrant discovery violations. *Id.* A circuit court abuses its discretion when it makes a decision that is arbitrary or capricious or acts thoughtlessly and without due consideration. *Id.* However, there is no requirement under Rule 37, or any of our rules of civil procedure, that the circuit court make a finding of willful or deliberate disregard under the circumstances before sanctions may be imposed for the failure to comply with the discovery requirements. *Id.* Sanctions, including the striking of pleadings, may be imposed for discovery violations under Rule 37(d) even though no prior order to compel has been entered. *Id.* It is crucial to our judicial system that circuit courts retain the discretion to control their dockets, and imposition of discovery sanctions is one method to facilitate that function. *Id.*

It is apparent to us that the circuit court read the chronology of events here much more in line with Reddick's representations. We recognize that the extraordinary remedy of striking pleadings should be used sparingly and only when other measures fail because of the inherent danger of prejudice. *Ross Sys., Inc. v. Advanced Env't Recycling Techs., Inc.*, 2011 Ark. 473. Nonetheless, Reddick waited several months and attempted numerous times to

7

work with opposing counsel to acquire responses and then received incomplete responses to discovery requests. Incomplete responses are treated as a failure to respond. *Memphis Scale Works, Inc. v. McNorton*, 2020 Ark. App. 77, 595 S.W.3d 412. Although appellants contend that they did not engage in a pattern of actions or the type of flagrant violations that our courts have held warrant striking pleadings, we disagree. The circuit court ordered Endurance and Glad Rents to comply with discovery, yet Endurance and Glad Rents did not do so, well beyond the days the circuit court permitted them to provide those responses. It was not until months later, and much closer to trial, that Reddick realized even more information was lacking. The defendants, who were represented by multiple attorneys, had more than ample time to complete discovery and cure omissions. In this situation, we hold that the circuit court did not abuse its discretion when it imposed the sanction of striking Endurance and Glad Rents' answer to Reddick's complaint. The failure to undertake adequate steps to provide complete discovery responses supports the severe sanction. *Id*. This sanction was imposed only after the circuit court considered all the circumstances surrounding the defendants' conduct, including the failure to obey the court's order.

We reject the alternative argument on appeal that Glad Rents should be treated differently than Endurance and be spared this sanction. Endurance and Glad Rents argued that the driver, Mr. Martin, should be treated separately in the context of sanctions, considering that he was propounded separate discovery requests and responded separately to those requests, to which Reddick agreed. No argument was developed that Endurance and Glad Rents should be treated differently in the context of sanctions imposed on each of them for failure to comply with discovery. This argument is raised for the first time on

8

appeal, and we do not address issues on appeal that have not been presented to and ruled on by the circuit court. *See S.A.M. Grp., LLC v. CR Crawford Constr., LLC*, 2020 Ark. App. 173, 596 S.W.3d 590.

Affirmed.

GRUBER and BROWN, JJ., agree.

*Wright, Lindsey & Jennings LLP*, by: *Scott A. Irby*, *Gary D. Marts, Jr.*, and *Rodney P. Moore*, for appellants.

*Denton & Zachary, PLLC*, by: *Justin C. Zachary* and *Joe A. Denton*, for appellee.