Cite as 2025 Ark. App. 245

# ARKANSAS COURT OF APPEALS
## DIVISION II
No. CV-24-277

| | |
|---|---|
| GALLO KANON THOMAS<br>APPELLANT<br><br>V.<br><br>CHARLES ANDERSON<br>APPELLEE | Opinion Delivered April 23, 2025<br><br>APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. 70CV-22-328]<br><br>HONORABLE SPENCER G. SINGLETON, JUDGE<br><br>AFFIRMED |

**ROBERT J. GLADWIN, Judge**

Gallo Thomas appeals the January 2, 2024 dismissal of her lawsuit against Charles Anderson with prejudice as a sanction pursuant to Arkansas Rule of Civil Procedure 37 (2024). We affirm.

I. *Facts and Procedural History*

On July 26, 2022, Thomas filed a lawsuit against appellee Anderson, a residential contractor, for the breach of a one-year builder's warranty on a house. Anderson was served on or about October 21 and filed his answer and a new matter on November 10. The case stalled in the early stages of discovery. On December 21, Anderson filed and served interrogatories and requests for production of documents on Thomas pursuant to Arkansas Rules of Civil Procedure 33 and 34 (2022).

On January 24, 2023, Anderson moved for default judgment pursuant to Arkansas Rule of Civil Procedure 12(a), to which Thomas responded on February 1.

On May 2, counsel for Anderson contacted counsel for Thomas by email pointing out that there had been no response to the written discovery and requesting a response. There is no evidence in the record that Thomas's counsel responded to this letter.

On July 20, having still not received any discovery responses from Thomas, Anderson moved to compel. Thomas failed to respond to Anderson's motion to compel.

On August 30, the circuit court entered an order compelling Thomas to respond to Anderson's discovery request within thirty days—by September 30.

As of October 3, Thomas still had not responded to the discovery requests and thus failed to comply with the circuit court's order to compel. Because of this consistent failure to respond to discovery, Anderson moved to dismiss as a sanction for violating the order to compel, and Thomas again did not respond to Anderson's motion to dismiss.

A hearing was held on January 5, 2024. Counsel for both parties appeared by Zoom. At the hearing, Sheila Campbell (Thomas's counsel) acknowledged that she had not filed a response to the motion to dismiss. Joyce Eubanks, Anderson's counsel, detailed the history of her attempts to obtain discovery responses, including multiple attempts to contact Ms. Campbell about the discovery requests—to no avail. Ms. Eubanks acknowledged some effort by Ms. Campbell to finally respond to the interrogatories but noted that it did not occur until the night before the hearing. Ms. Eubanks asserted that the responses were inadequate

and clarified that there still had been no attempt to respond to the request for production of documents.

In her comments at the hearing, Ms. Campbell, for the first time, raised her own illness as a factor in failing to respond to the discovery. She stated,

> Your Honor. I did have some illness beginning in August of 2023, and I have periodically been in and out of my office. I have spoken with Ms. Eubanks on one or two other occasions where we discussed a possibility of trying to get this matter resolved. And I fully understand that it is my fault that I have not gotten this information.

Ms. Campbell also contended at the hearing that she had fully responded and had provided all the documents in her client's possession:

> So, I have responded to the interrogatories and requests for production of documents, based upon what my client has in her possession.
>
> I produced all documents, all photographs, and this is everything that has been requested, And so I can't produce information that the plaintiff does not have but as far as the responses, every response has been answered and . . . and all of the documentation that my client currently has in her possession has been produced.

In response to a question from the circuit court, Ms. Campbell acknowledged that the responses were not provided until January 3 and conceded that the responses were not provided within thirty days of the circuit court's August 30, 2023 order to compel. She also admitted there was no communication between counsel about the discovery responses after the order to compel was issued.

The circuit court called attention to Ms. Campbell's failure to communicate any medical issues affecting her ability to communicate and the lack of effort to comply with the order to compel, stating:

You did not comply with the court's order. No attempt was made until as of late, as we prepared for this hearing to comply. In light of that, I believe—and also no response has ever been filed, even to this motion to dismiss, which was filed back on October 3rd. No response has been filed with the court. In light of all of those failures the court feels the only appropriate sanction in this case is dismissal of this action. So, the action will be dismissed. And that will be a prejudicial dismissal.

Two days after the hearing, on January 7, an order consistent with the circuit court's ruling was entered. Thomas timely filed her notice of appeal on February 6.

## II. *Standard of Review*

The standard of review on appeal from the imposition of Rule 37 sanctions is abuse of discretion. It is well settled that the imposition of discovery sanctions is reviewed under an abuse-of-discretion standard, and the bar to demonstrate that the circuit court has abused its discretion in an order under Arkansas Rule of Civil Procedure 37 is very high. *Paschal Heating & Air Conditioning Co. v. Zotti*, 2021 Ark. App. 372, at 3–4. The circuit court abuses its discretion when it acts thoughtlessly, improvidently, or without due consideration. *Id.* A circuit court has broad discretion in matters pertaining to discovery, and the exercise of that discretion will not be reversed by the appellate court absent an abuse of discretion that is prejudicial to the appealing party. *Id.*

Additionally, the motive or willfulness behind the discovery violation is not an essential element to support a Rule 37 sanction. There is no requirement under Rule 37, or any of our rules of civil procedure, that the circuit court make a finding of willful or deliberate disregard under the circumstances before sanctions may be imposed for the failure

4

to comply with the discovery requirements. *Calandro v. Parkerson*, 333 Ark. 603, 608, 970 S.W.2d 796, 799 (1998).

## III. *Discussion*

Thomas argues that the circuit court abused its discretion in dismissing her cause of action as a discovery sanction when there was a less drastic remedy that could have been used as a deterrent. *See Lake Vill. Health Care Ctr., LLC v. Hatchett ex rel. Hatchett*, 2012 Ark. 223, 407 S.W.3d 521. Thomas submits that Anderson failed to show any prejudice from the delay in receiving the discovery responses. She notes that his attorney said she had produced all documents and all photographs—essentially everything that had been requested—and all documentation that Thomas had in her possession was produced. Thomas submits that Arkansas Rule of Civil Procedure 37(a)(4)(A) provides in pertinent part that if the motion is granted or if the requested discovery is provided after the motion is filed, the party whose conduct necessitated the motion could be ordered to pay reasonable expenses, including attorney's fees.

Thomas contends that this was not a flagrant violation of the circuit court's order because Thomas's counsel had a chronic illness that caused her to be intermittently away from her office. Instead, it was because of excusable neglect that the discovery was not timely answered, and the illness of an attorney has been held to constitute excusable neglect. *See Chiodini v. Lock*, 2010 Ark. App. 340, 374 S.W.3d 835. Thomas argues that the circuit court should have taken this factor into consideration before dismissing the case with prejudice.

Thomas submits that dismissal is proper only in situations in which the deterrent value of Rule 37 cannot be substantially achieved by using less drastic sanctions. Thomas urges that pursuant to Rule 37(a)(4)(A), the circuit court should have considered and analyzed the range of sanctions and considered less drastic measures. *See Marks v. Saville*, 2017 Ark. App. 668, 550 S.W.3d 1. Accordingly, Thomas maintains that the order dismissing her case should be set aside and the matter be remanded for trial.

We disagree. Anderson filed the basic form of discovery—interrogatories and requests for production of documents. Arkansas Rules of Civil Procedure 33 and 34 define the process, and both require responses within thirty days. It is well-settled law that circuit courts have broad discretion under Rule 37 to sanction discovery violations.

Arkansas Rule of Civil Procedure 37 is the enforcement mechanism for the failure to respond to discovery. Here, Anderson availed himself of Rule 37(a) by filing a motion to compel Thomas's response to his interrogatories and requests for production. Anderson's motion to compel met the necessary prerequisite that he attempted to confer in good faith about the missing discovery responses in effort to secure them without court action. *See* Ark. R. Civ. P. 37(a)(2).

Our review of the record confirms that there is no evidence that Thomas responded either to Anderson's good-faith letter or motion to compel. Then, although the circuit court entered an order compelling Thomas's complete response within thirty days of the order, Thomas's counsel made no effort to respond and failed to communicate any reason why she was unable to respond.

Rule 37(b) applies when a party fails to obey a circuit court's order to compel and includes several available sanctions, including the one imposed here:

> An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

Ark. R. Civ. P. 37(b)(2)(C). The dismissal of a complaint for failing to timely respond to interrogatories after an order to compel was specifically affirmed by this court in *Memphis Scale Works, Inc. v. McNorton*, 2020 Ark. App. 77, 595 S.W.3d 412.

The *Memphis* court rejected the argument that severe sanctions were not warranted, finding that dismissal is specifically authorized by Rule 37.

> While the dismissal of a complaint with prejudice is obviously a severe sanction, dismissal is a sanction expressly provided for under Rule 37 when a party fails to comply with an order to provide discovery, and it is crucial to our judicial system that circuit courts retain the discretion to control their dockets. Memphis was the plaintiff in this case, and as such, it chose to utilize the court system to attempt to redress alleged wrongs. To allow it to bog down the judicial system through delay and willful noncompliance with the circuit court's order would be imprudent.

*Memphis*, 2020 Ark. App. 77, at 8, 595 S.W.3d at 417 (internal citations omitted).

The *Memphis* case cites *Calandro*, *supra*, which likewise upheld a dismissal under similar circumstances:

> Accordingly, we cannot say that the trial court abused its discretion in dismissing the case for Appellants' flagrant failure to comply with the court's directive to provide full and complete discovery to Appellee. The trial court was in a superior position to judge the actions or motives of the litigants, and we will not second-guess its ruling. The fact that the sanction imposed by the trial court was undoubtedly final and severe is of no consequence, as Rule 37 specifically provides for dismissal of the action where a party fails to comply with an order to provide discovery. Appellants were the plaintiffs in this case and, as such, they chose to utilize the court system to attempt to redress alleged wrongs. To allow them to bog down the judicial system

7

through their delay and willful noncompliance with the trial court's order would be imprudent. We thus affirm the trial court's dismissal with prejudice of Appellants' deceit claim.

*Calandro*, 333 Ark. at 612, 970 S.W.2d at 801.

Regarding Thomas's claim that Anderson failed to show any prejudice by the delay, our supreme court in *Rush v. Fieldcrest Cannon, Inc.*, adopted a quote from a District of Columbia Court of Appeals decision specifically on the issue of prejudice caused by delayed discovery responses and noncompliance with related court orders.

Noncompliance with court orders and rules may cause the system to bog down and may adversely affect other litigants. When a plaintiff is personally responsible for this type of delay, he or she prejudices not only the defendant but also the ability of other persons—persons that are doing what is necessary to follow the rules—to utilize the system.

*Rush*, 326 Ark. 849, 855–56, 934 S.W.2d 512, 516 (1996) (quoting *Perry v. Sera*, 623 A.2d 1210, 1219 (D.C. 1993)).

Despite Ms. Campbell's acknowledgement before the circuit court that she had suffered from a chronic illness beginning in August 2023 and had been "periodically in and out of [her] office," she failed to provide any details about her illness or an explanation of how that illness could amount to good cause for failing—for over a year—to respond to discovery, to respond to Anderson's counsel's good-faith letter, to respond to the circuit court's motion to compel, to meet the new deadline set in the order to compel, and to respond to the motion to dismiss.

Thomas's reliance on *Chiodini*, *supra*, is misplaced. *Chiodini* is distinguishable because it was based on vastly different facts. The counsel's illness in *Chiodini* required surgery on the

8

day after the unsigned responses were sent, and counsel did not simply ignore the requests or demonstrate a lack of diligence. Instead, he responded to the requests in a timely manner and simply neglected to sign them. As soon as the omission was brought to his attention, counsel immediately sent signed responses. All this occurred within a few days in contrast with the timeline in this matter. Thomas repeatedly failed and refused to provide basic discovery responses for over a year, and her counsel undisputedly failed to make any effort to provide any details about her illness or how it could have caused the year-long failure to provide discovery responses. Moreover, we note that Thomas failed to even raise counsel's alleged illness until the hearing on the motion to dismiss, held more than a year after the discovery had been served.

While counsel's illness could potentially amount to good cause for untimely discovery responses, the facts before us do not support such a finding. We hold that there was no abuse of discretion by the circuit court under the specific circumstances present here. Accordingly, we affirm the circuit court's ruling dismissing Thomas's claims with prejudice.

Affirmed.

THYER and WOOD, JJ., agree.

*Sheila F. Campbell, P.A.*, by: *Sheila F. Campbell*, for appellant.

*Tim Cullen*, for appellee.

9