Cite as 2026 Ark. App. 156

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-25-14

| | |
|---|---|
| JAMARIE MILLER; JOSHUA MILLER; AND JAMARIE MILLER AND JOSHUA MILLER, AS NEXT FRIEND FOR JA-MYA MILLER <br><br> APPELLANTS <br><br> V. <br><br> DAVID CLARK <br><br> APPELLEE | Opinion Delivered March 4, 2026 <br><br> APPEAL FROM THE ST. FRANCIS COUNTY CIRCUIT COURT [NO. 62CV-24-129] <br><br> HONORABLE CHALK MITCHELL, JUDGE <br><br> AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellants Jamarie Miller; Joshua Miller; and Jamarie Miller and Joshua Miller, as next friend for Ja-Mya Miller (collectively "Miller"), appeal from an order dismissing their complaint against appellee David Clark on the basis that Miller failed to timely and fully respond to Clark's discovery. On appeal, Miller argues that the order of dismissal was unduly harsh and should be reversed. We affirm.

On June 10, 2024, Miller filed a complaint against Clark alleging that on April 11, 2023, Clark was driving a school bus and negligently struck Miller's vehicle from behind, causing injuries and damages to all three occupants. On July 3, 2024, Clark timely filed an answer to the complaint, generally denying the allegations and asking that the complaint be dismissed.

On July 3, 2024, Clark propounded to Miller a set of interrogatories and requests for production of documents. More than thirty days following service of the discovery, Miller had failed to respond.[1] Consequently, on August 26, 2024, Clark's counsel wrote a letter to Miller's counsel stating that the discovery responses were about three weeks overdue. Clark's letter stated:

> Please consider this letter to be my good faith effort in resolving a discovery dispute prior to filing a Motion to Compel. I look forward to your immediate response.

On August 27, 2024, Miller sent discovery responses to Clark, but the responses contained numerous objections.[2]

On August 28, 2024, Clark filed a motion to compel. In his motion, Clark asserted that, despite Clark's efforts, Miller had failed to timely respond to his propounded discovery. Clark asserted that Miller had waived any objections to the discovery, and he asked for an order compelling Miller to respond to each item contained in the discovery.

On August 29, 2024, the trial court entered an order granting Clark's motion to compel. That order provides:

---

[1]Arkansas Rule of Civil Procedure 33.3(b)(3) provides that the party upon whom interrogatories have been served shall serve a copy of the answers or objections within thirty days after the service of the interrogatories.

[2]In *Dunkin v. Citizens Bank of Jonesboro*, 291 Ark. 588, 727 S.W.2d 138 (1987), the supreme court stated that failure to object to a discovery request within the time fixed by the applicable discovery rule acts as a waiver of all available objections, even if the objection is that the information sought is privileged. *See also* Ark. R. Civ. P. 33(b)(4) (providing that "[a]ny ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown").

2

Defendant, David Clark, served Interrogatories and Requests for Production of Documents to plaintiff. To date, more than thirty days following the filing of said discovery, plaintiff has not responded nor requested an extension of time within which to respond. The failure to respond or request an extension waives any objection to said discovery. Therefore, the Court ORDERS plaintiff to respond to each Interrogatory and each Request for Production no later than September 16, 2024. Should plaintiff fail to provide complete discovery responses by the noted date, the Complaint will be dismissed with prejudice without further notice.

On September 6, 2024, Miller served discovery responses on Clark. However, these responses again contained numerous objections.

On September 23, 2024, Clark filed a motion to dismiss for failure to respond to court-ordered discovery. In his motion, Clark asserted that Miller's discovery responses served on September 6, 2024, contained numerous objections and that Miller had failed to respond fully and completely as ordered by the trial court. Clark requested that Miller's complaint be dismissed for failure to comply with the trial court's order.

On September 30, 2024, Miller filed a response to Clark's motion to dismiss. In the response, Miller asserted that the plaintiffs provided complete responses to each interrogatory and request for production, despite objections presented. Miller asserted further that in Clark's (timely) responses to Miller's interrogatories and requests for production of documents, Clark essentially objected to every interrogatory and request for production. Miller alleged that Clark's counsel had engaged in unethical behavior in violation of the clean-hands doctrine and as such was barred from requesting relief related to his bad-faith motion. For these reasons, Miller asked that Clark's motion to dismiss be denied.

3

On October 14, 2024, the trial court entered an order of dismissal. In its order, the trial court made these findings:

> Plaintiffs did not timely respond to defendant's discovery. Consequently, the defendant was required to file a Motion to Compel which this Court granted. The Motion to Compel indicated that all objections were waived and that the responses, without objection, were due no later than September 16, 2024. While the plaintiffs provided some responses by September 16th, they continued to object despite the plain language of the Court's Order. Therefore, consistent with this Court's Order, plaintiffs' Complaint should be and hereby is dismissed.

Miller appealed.

The imposition of discovery sanctions is governed by Arkansas Rule of Civil Procedure 37(b)(2). The rule authorizes the trial court to impose sanctions if a party fails to obey an order to provide discovery and gives the court broad discretion to "make such orders in regard to the failure as are just," including refusing to allow the party "to support or oppose designated claims or defenses," "striking out pleadings or parts thereof," "staying further proceedings until the order is obeyed," or "dismissing the action." Ark. R. Civ. P. 37(b)(2). There is no requirement that a trial court make a finding of willful or deliberate disregard under the circumstances before sanctions are imposed for failure to comply with discovery requirements. *J. Alvin Lee Farms, LLC v. CNH Indus. Cap. Am., LLC*, 2023 Ark. App. 275, 668 S.W.3d 532. The imposition of sanctions for the failure to provide discovery rests in the trial court's discretion, and our courts have repeatedly upheld the trial court's exercise of such discretion in fashioning severe sanctions for flagrant discovery violations. *Memphis Scale Works, Inc. v. McNorton*, 2020 Ark. App. 77, 595 S.W.3d 412. The trial court abuses its discretion when it acts thoughtlessly, improvidently, or without due consideration. *Nicholas*

4

*v. Jones*, 2022 Ark. App. 55, 640 S.W.3d 417. An abuse of discretion may also be manifested by an erroneous interpretation of the law. *Howard v. Baptist Health*, 2022 Ark. 214, 654 S.W.3d 809.

Miller argues that under the circumstances presented, the trial court's dismissal of the complaint was unduly harsh and should be reversed in favor of a lesser sanction that allows the case to be tried on the merits. Miller does not deny that there was a discovery violation and that he violated a discovery order because the discovery responses contained objections in violation of the order to compel, but Miller asserts that all but a handful of the interrogatories were answered and that those that were not can be easily answered upon remand.

We acknowledge that Miller did supply answers to a considerable number of interrogatories. However, upon review of the record, we note the following deficiencies, to-wit:

The first nine paragraphs in Miller's answers to interrogatories contain "General Objections" that qualify Miller's subsequent responses to the interrogatories propounded by the defendant.

Interrogatory No. 3 requests all previous addresses for the past fifteen years and length of time at each address. The first sentence of Miller's response states: "Counsel for Plaintiff objects it is overbroad and unduly burdensome." Interrogatory No. 5 requests the name and addresses of each person known to be an eyewitness to the incident or any person with knowledge of the facts or circumstances of the incident. The first sentence in Miller's

response states: "Counsel for Plaintiff objects to this Interrogatory to the extent it infringes on the attorney/client privilege and/or work product doctrine."

Interrogatory No. 9 requests whether Miller was confined at home as a result of the accident and, if yes, the length of the confinement. Miller's response states: "I am not in the possession of this information. I will supplement this interrogatory when the request is in my possession."

Interrogatory Nos. 42, 46, 48, and 49 request information regarding the identity of insurance carriers that may have paid some, or all, of plaintiffs' medical bills. In each of the responses, Miller states: "Counsel for Plaintiff objects to this interrogatory on the grounds that it seeks information protected by the Collateral Source Rule."

Arkansas Rule of Civil Procedure 33.3(b)(3) provides in relevant part that that "[t]he party upon whom the interrogatories have been served shall serve a copy of the answers, or objections within 30 days after the service of the interrogatories[.]" Rule 33.3(b)(4) provides, "All grounds for an objection to an interrogatory shall be stated with specificity. *Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.*" (Emphasis added.) It is undisputed that Miller provided no discovery responses within thirty days of service as required by Rule 33(b)(3); therefore, Miller had waived any and all objections to Clark's interrogatories pursuant to Rule 33(b)(4). This was noted in the trial court's order granting Clark's motion to compel where the court expressly stated that the failure to respond or request an extension waives any objection to said discovery and warned Miller that failure to provide complete discovery responses would

6

result in dismissal of the complaint. The untimely objections raised in Miller's response to discovery violated both Rule 33 and the trial court's order.

Miller cites *Coulson Oil Company, Inc. v. Tully*, 84 Ark. App. 241, 139 S.W.3d 158 (2003), where we stated that severe sanctions such as dismissal should be used sparingly and only when other measures fail because of the inherent danger of prejudice. Miller contends that the sanction of dismissal in this case was too severe for three reasons. First, Miller notes that it was Miller's *counsel* that drafted the responses to the interrogatories and states that a drastic sanction like dismissal should be used only in situations where the actual party (rather than the party's representative) engaged in the discovery violation. Next, Miller argues that the severity of the discovery violation here simply does not justify the harshest of sanctions. Finally, Miller asserts that that the prejudice to Clark is virtually nonexistent because the previously objected to interrogatories can be answered on remand. Miller argues that, instead of dismissal, a more appropriate sanction would have been to require Miller's counsel to pay the expenses associated with the motion to compel. For these reasons, Miller asks that the trial court's order of dismissal should be reversed.

A similar situation occurred in *Memphis Scale Works*, *supra*, a case that we find instructive. In *Memphis Scale Works*, appellant filed suit against the employer of appellant's former employee alleging tortious interference with an employer/employee contract. The appellee filed a motion to compel after the appellant had provided deficient responses to discovery including an evasive response to Interrogatory No. 3, and appellee's attempt to resolve the issue with appellant had failed. The trial court ordered appellant to supplement

7

its responses within thirty days, and appellant served its supplemental responses within that time but provided no response to Interrogatory No. 3 and also failed to fully disclose the requested documents. The appellee then filed a motion for sanctions, and the trial court struck appellant's complaint and dismissed the lawsuit with prejudice. On appeal, appellant argued that the sanction of dismissal was inappropriate, but we affirmed, stating that the imposition of sanctions for the failure to provide discovery rests in the trial court's discretion, and our courts have repeatedly upheld the trial court's exercise of such discretion in fashioning severe sanctions for flagrant discovery violations. We explained further:

> The failure to undertake adequate steps to provide complete discovery responses supports the severe sanction.
>
> Rule 37 has not been so narrowly construed as to mandate an affirmative showing of bad faith or willfulness or resulting prejudice before the sanction of dismissal can be imposed. . . . While the dismissal of a complaint with prejudice is obviously a severe sanction, dismissal is a sanction expressly provided for under Rule 37 when a party fails to comply with an order to provide discovery, and it is crucial to our judicial system that circuit courts retain the discretion to control their dockets. Memphis was the plaintiff in this case, and as such, it chose to utilize the court system to attempt to redress alleged wrongs. To allow it to bog down the judicial system through delay and willful noncompliance with the circuit court's order would be imprudent.

*Memphis Scale Works*, 2020 Ark. App. 77, at 7–8, 595 S.W.3d at 417 (citations omitted).

Although there is no requirement that a trial court make a finding of willful or deliberate disregard of a court order before sanctions are imposed for failure to comply with discovery requirements, in the present case, Miller willfully and deliberately disregarded the trial court's order to compel by raising objections to interrogatories in direct violation of the court's order. And Miller did so even though the order to compel warned that failure to

8

provide complete discovery responses would result in the complaint being dismissed with prejudice. While Miller argues that the discovery violation was the fault of counsel and not the party, such was the case in *Memphis Scale Works*, where we affirmed the dismissal. *See also Matthews ex rel. Florence v. Taylor*, 325 Ark. 445, 928 S.W.2d 330 (1996) (stating that the petitioner voluntarily chose the attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent). As we stated in *Memphis Scale Works*, our courts have repeatedly upheld the trial court's exercise of its discretion in fashioning severe sanctions for flagrant discovery violations. Having reviewed the record, we cannot say the trial court abused its discretion in dismissing Miller's complaint.

Finally, we acknowledge that Miller also suggests on appeal that the trial court did not exercise its discretion but instead mechanically dismissed the case, as evidenced by the court's admonition in the order to compel that failure to fully respond to discovery would result in dismissal. However, the same situation arose in *Burton v. Sparler*, 272 Ark. 254, 613 S.W.2d 394 (1981), where the trial court's order requiring appellant to answer interrogatories specifically stated that failure to answer within ten days would cause the court to dismiss the case. After no timely answers were filed, the trial court dismissed the case and the supreme court affirmed, stating:

> The question presented for a decision is whether the trial court was authorized to dismiss the complaint and enter a default judgment against the appellant. The same question was presented to us in the case of *Mann v. Ray Lee Supply*, 259 Ark. 565, 535 S.W.2d 65 (1976). Although this case was decided prior to the Code, the exact same reasons apply to the case at bar as applied to *Mann*. In *Mann* the court

9

warned the defendant if he failed to respond within ten days he would be subjected to the consequences set forth in Ark. Stat. Ann. § 28-359. The penalty included a default judgment against a disobedient party. Upon Mann's failure to comply with the ten-day order default judgment was entered, and we affirmed.

The present Rules of Civil Procedure are applicable in this case. Rule 37(b)(2)(C) provides that the court may make an order striking out pleadings or dismissing the action or rendering judgment by default against the disobedient party. This is precisely what was done in the present case.

*Burton*, 272 Ark. at 255–56, 613 S.W.2d at 395. The supreme court in *Burton* held that the trial court did not abuse its discretion in dismissing the action.

For the reasons stated herein, we affirm the trial court's order that dismissed Miller's complaint.

Affirmed.

KLAPPENBACH, C.J., agrees.

TUCKER, J., concurs.

**CASEY R. TUCKER, Judge, concurring**. I reluctantly agree with the majority's decision to affirm the circuit court's dismissal of this case because the appellant directly defied a court order. I write separately to note this case barely chins the bar in whether the court went too far in its exercise of judicial discretion.

I am troubled that, on the record before us, it appears that counsel for Clark misled the court. In neither his motion to compel nor his motion to dismiss did counsel mention that the Millers had provided responses, albeit with some objections, via email the day after he sent the good faith letter. It was not until he replied to the Millers' response to his motion to dismiss that he acknowledged that the Millers had provided "some response on August

10

27" (the day after his good faith letter). It appears from the record that the circuit court did not have a full picture of the order and timing of events or that it considered the Millers' responses to discovery provided prior to the motion to compel. There is no indication that the court contemplated whether there remained outstanding discovery necessary for trial, the lack of which was delaying the litigation.

When the Millers did not serve objection-free discovery responses by September 16 as ordered by the court in the order to compel--which was drafted by counsel for Clark-- Clark filed a motion to dismiss. In his motion, he stated that he received the Millers' discovery responses via mail on September 6, 2024, acknowledging neither the August 27 certificate of service nor the receipt of responses via email prior to his motion to compel. In their response to Clark's motion to dismiss, the Millers conceded the order compelling discovery forbade any discovery objections but emphasized they had already sent responses containing objections two days before the court entered its order. They stated, "[A]s these responses were already completed and en route, undersigned counsel saw no reason to further delay by preparing a new set of responses."[1] The Millers requested a hearing, but the circuit court granted the motion to dismiss without providing one.[2]

---

[1]We note here that a good reason to prepare a new set of responses would be that the court ordered them to give Clark complete responses with no objections. Furthermore, providing objection-free responses, while causing more work for the Millers' counsel, would not have caused a delay in the litigation.

[2]The order to compel warned that a failure to comply with the order would result in a dismissal with prejudice. However, the order dismissing the case is silent as to whether the dismissal is with or without prejudice.

11

Dismissing an action for failure to comply with an order compelling discovery is one of many tools the circuit court has in its arsenal to keep the cases on its docket moving. Ark. R. Civ. P. 37(b)(2)(C); *Thomas v. Anderson*, 2025 Ark. App. 245, 712 S.W.3d 744. However, dismissal is the most severe of sanctions. *Calandro v. Parkerson*, 333 Ark. 603, 608, 970 S.W.2d 796, 799 (1998). This court has recognized that a better practice would be to exercise some restraint. *Graham v. Sledge*, 28 Ark. App. 122, 125, 771 S.W.2d 296, 298 (1989). Public policy may support dismissing plaintiffs' complaints for refusing to comply with discovery when they fail to follow rules and court orders and "bog down" the justice system in doing so. *Rush v. Fieldcrest Cannon, Inc.*, 326 Ark. 849, 855–56, 934 S.W.2d 512, 516 (1996). Our courts have recognized that dismissal might be appropriate when a plaintiff exhibits a "pattern of conduct in ignoring [the circuit court's] orders . . . for the improper purpose of harassing the appellees and delaying the litigation.". *Id.* at 855, 934 S.W.2d at 516.

It can hardly be said that the Millers' responses, emailed and mailed the day after Clark's good-faith letter—albeit with objections—bogged down the system or adversely affected other litigants. Nor was there an ongoing pattern of behavior demonstrating disrespect for the court and serving to harass the opposing party. Based on the record, it appears the circuit court acted with undue haste, dismissing the Millers' action without due consideration when it declined to hold a hearing.

Be that as it may, the court ordered the Millers to provide discovery responses without objections and duly warned them that if they failed to provide complete discovery responses by September 16, it would dismiss their complaint. Having been duly warned, the Millers still failed to act accordingly. *See Johnson Indus. Maint. Co. v. Borkowski*, 2024 Ark. App. 146, at 9 686 S.W.3d 825, 830 (a party's "failure to comply with a court's order within the prescribed time is sufficient to warrant sanctions"). For this reason, and this reason alone, I affirm.

*Pickford Law Firm*, by: *Shalondra Pickford*; and *Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellants.

*Barber Law Firm, PLLC*, by: *Scott M. Strauss* and *Tristan T. Bennett*, for appellee.